JOHNSON v. ATLANTIC AND NORTH CAROLINA RAILROAD.

(Filed June 13, 1902.)

EVIDENCE—*Contributory Negligence—Personal Injuries—Damages —Railroads.*

The evidence is sufficient to justify the jury in finding that the plaintiff was not guilty of contributory negligence in stepping from the train while it was moving.

MONTGOMERY, J., dissenting.

ACTION by Richard Johnson against the Atlantic and North Carolina Railroad Company, heard by Judge *O. H. Allen* and a jury, at January Term, 1902, of the Superior Court of WAYNE County. From a judgment for the plaintiff, the defendant appealed.

*F. A. Daniels,* and *Allen & Dortch,* for the plaintiff.
*W. C. Munroe,* and *I. F. Dortch,* for the defendant.

CLARK, J. The defendant, in his brief, says "the defendant does not deny that there was evidence of negligence, but insists that the plaintiff, on his own showing, was guilty of contributory negligence, and the action should have been dismissed," and that is the only point relied on therein. The statute (Laws 1887, Chap. 33) provides that the defense of contributory negligence "shall be set up in the answer and proved on the trial." Clark's Code (3d Ed.), page 237. The contention, therefore, that the action should be dismissed can

not be sustained. *Neal v. Railroad,* 126 N. C., 634, 49 L. R. A., 684, is put upon the ground that, taking all the plaintiff's evidence to be true, he had proved his own contributory negligence. But such is not the case here.

As the Court told the jury: "The general rule is that a person who gets off a train while it is in motion, is guilty of contributory negligence. It is the duty of the passenger, when he sees the train in motion, to ask for it to be stopped, and if it is not done, he ought not to get off. To this general rule there are some exceptions, one of which is that if a passenger is commanded or invited by the conductor to get off while the train is in motion, and the train is going so slow that the danger of stepping or jumping off is not apparent to a reasonable man, and he does so and is injured, it would not be contributory negligence."

"If the jury find from the evidence that the plaintiff alighted from the train while it was in motion, and that in doing so he passed by the conductor on the steps, after asking him to let him pass by, and the conductor stood aside for the purpose of letting him pass by, knowing at the time that he was a passenger and that his destination was Lagrange, and that he was alighting from the train as a passenger, then the jury may consider these facts for the purpose of determining if the conduct of the conductor was such as to reasonably lead the plaintiff to believe that it was safe for him to alight from the train, and for the purpose of determining if the conduct of the conductor was equivalent to an assurance that it was safe to so alight, and an invitation to do so; and if the jury find from the evidence that the conductor, by his conduct, meant to assure the plaintiff that it was safe to alight from the train, and they further find that the train was moving at such a speed that to a reasonable man it was not apparently dangerous, they will answer the second issue 'No,' otherwise 'Yes.'

"If the conductor did not mean by his conduct to assure him that it was safe to alight, or if he did so, and it was apparently unsafe to alight, to a reasonable man, it would be a case of contributory negligence." The Court further told the jury that the burden of proof that the plaintiff stepped from the train on invitation of the conductor was upon the plaintiff. *Browne v. Railroad,* 109 N. C., 34.

Was there evidence to justify thus leaving the issue of contributory negligence to the jury? There was evidence that the time allowed at the station was too brief to permit plaintiff alighting before the train started, and defendant frankly admits there was evidence of its negligence sufficient to be submitted to the jury. The plaintiff's testimony is that he had bought a ticket to that station (Lagrange), and the conductor had taken it up; that before reaching there the station was called, and that when the train stopped he left the car as quickly as he could, that the train did not stop at the station as long as usual, and as he was proceeding to alight he found the conductor standing on the steps; that he asked him to let him pass, and the conductor stepped aside in order that he might get off the train. The plaintiff further testified that "the train was moving slowly when I stepped off, and I thought I could step off safely."

When the plaintiff asked the conductor to let him pass, and the conductor stepped aside in order that he might get off, and did not make any movement to stop the train, this was evidence tending to show an invitation to alight, a tacit assurance that the plaintiff could do so safely, and if, upon such invitation, the plaintiff did alight, the speed of the train not being such as to put him on guard not to act on such invitation —if the jury believed that state of facts—contributory negligence was not so clearly proved that it could be adjudged that the plaintiff was guilty thereof. On the contrary, there was sufficient evidence to justify the jury in finding that it

was disproved.    Certainly the Court could but leave the issue to the jury.    The other exceptions are not pressed in defendant's brief, and are besides without merit.

No Error.

Montgomery, J., dissents.