OSCAR WHITFIELD v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 1 April, 1908).

1. **Evidence—Opinion—Speed of Train.**
    The "opinion" of the witness as to the speed of a moving train at the time he was endeavoring to get aboard is competent evidence.

2. **Employer and Employee—Respondeat Superior—Employment.**
    The doctrine of *respondeat superior* does not apply when the brakeman, not on duty, but being permitted by the conductor to ride to his home on the train, at the request of the conductor goes to the agent at a station for some flowers for him and is injured in boarding the moving train as it left the station.

3. **Contributory Negligence—Moving Train—Evidence—Nonsuit.**
    The contributory negligence of plaintiff in attempting to board a train moving at the rate of fifteen miles an hour will bar his recovery, in the absence of evidence making the case an exception to the general rule, and a judgment as of nonsuit on the evidence, on proper motion, should have been allowed.

CLARK, C. J., dissenting, *arguendo.*

ACTION for damages for personal injury, tried before *Long, J.,* and a jury, at November Term, 1907, of WAYNE.

The court submitted these issues:

"1. Was the plaintiff injured by the negligence of the defendant company?"   Answer: "Yes."

"2. Did the plaintiff by his own negligence contribute to said injuries?"   Answer: "No."

"3. What amount, if any, is the plaintiff entitled to recover of the defendant?"   Answer: "Five hundred dollars."

At the conclusion of the evidence the defendant moved to nonsuit the plaintiff, which motion was denied, and defendant excepted.   From the judgment rendered defendant appealed.

The facts are stated in the opinion of the Court.

*W. T. Dortch* and *J. L. Barham* for plaintiff.
*Aycock & Daniels* for defendant.

BROWN, J.   The plaintiff was a brakeman of a freight train, in defendant's employment.   At the time of the injury he was not on duty, but was on his way to his home at Mount Olive from Wilmington.   He was traveling on a freight train by permission of the "boss man," who refused him a pass, but told him to get aboard the freight and go home.   Plaintiff was riding on the engine when the train reached Magnolia. The conductor directed him to get off and see the agent and inquire if there was a package of flowers for him.   The conductor told plaintiff to get the flowers and then catch the train. The plaintiff testifies further: "I got off and went to agent and told him what Captain Southerland told me.   The agent said there was no package there for Captain Southerland.   I went back to get on the train.   When I went to get on the train it gave a sudden snatch and threw me right under it. My left leg was cut off a little above the knee and my right forefinger near the upper joint.   Do not know how fast the train was running when I tried to get on.   I guess it was run-

ning ten or fifteen miles per hour.   I had not been in the employment of the railroad quite two months at that time."   No other evidence was introduced and the case rests entirely upon plaintiff's own version of the facts, and upon these facts we are of opinion that the Judge erred in not sustaining the motion to nonsuit.   We place the same construction upon the language of the plaintiff in reference to the speed of the train which his counsel place upon it in their brief, viz., that he was giving *"his opinion"* of the speed at which the train was running at the time he attempted to board it.   His opinion was, nevertheless, evidence, for no witness can do more than give an opinion upon such a matter, and it is the only evidence in this case bearing upon it.

We are somewhat at a loss to understand upon what theory of negligence the court below held the defendant liable, but assuming for the sake of the argument that there is evidence of negligence, then upon the unbroken line of precedents the plaintiff, upon his own evidence, is guilty of such contributory negligence as bars recovery.   The general rule is that persons who are injured while attempting to get on or off a moving train cannot recover for any injury they may sustain in so doing.   *Burgin v. Railroad,* 115 N. C., 673.   This rule is reiterated by the present Chief Justice in *Johnson v. Railroad,* 130 N. C., 488, and enforced by *Mr. Justice Walker* in *Morrow v. Railroad,* 134 N. C., 99, where all our precedents and many others are collected.   There may be some few exceptions to the rule, but this case falls within none of them.

In a case very similar to this the Court of Appeals of New York says: "In boarding a moving train there is generally less excuse than in alighting from one.   The party attempting it is not often under the same stress of circumstances as frequently happens in the former case.   He may be compelled to wait for another train, but this is an inconvenience merely, which does not justify exposing himself to hazard."   *Hunter*

*v. Railroad,* 112 N. Y., 378.   See, also, *Denny v. Railroad,* 132 N. C., 340 ; *Gordon v. Railroad,* 132 N. C., 565.

The motion to nonsuit is allowed and the action dismissed.

Error.

CLARK, C. J., dissenting : On the motion to nonsuit in this Court there is a double presumption in favor of the plaintiff : First, the presumption that always exists as to the proceedings below that the jury and Judge were correct in rendering the verdict and judgment in his favor ; and, second, the evidence must be taken in its most favorable aspect to the plaintiff and with the most favorable inferences that can be drawn from it.

The plaintiff testified that he was a brakeman in defendant's employ ; that he was not acting as such this day ; that he was refused a pass and was told that he must work his way home, and was handling freight on the train that day, like other brakemen.   When he got to Magnolia the conductor told him to get off and see the agent there and get a package.   He got off the train and saw the agent, who said there was no package for the conductor.   He went back to get on the train, and as he went to get on the train "it gave a sudden snatch and throwed him right under it."   His left leg was cut off a little above the knee and his right forefinger near the upper joint. He does not know how fast the train was running.   He was laid up two years and is not able to do anything yet.   The conductor told him to get the package and get back on the train.   It does not appear that the train did not come to a full stop.   Presumably it did, according to the custom of freight trains.

This state of facts shows that the plaintiff was an employee ; that, by orders of the conductor on the freight train, he got off at the station to get a package, with directions to get back on the same train ; that he obeyed his orders, and in trying to get back on the train and as he did so "it gave a sudden snatch," and this "threw him right under" the train, by which the poor fellow lost his leg, has been laid up two years and is still un-

able to do anything.    The plaintiff did not come into this
great trouble by any voluntary act of his own.    The conduc-
tor, under whose orders he was working, told him to get off,
to get a package and get back on the train.    He did as he was
ordered, and he dared not disobey.    As he was getting back on
the train it gave a "sudden snatch" and he was thrown under
it and hurt.    It was negligence in the conductor, after having
given such order, to start the train off before the plaintiff got
back.    The "sudden snatch" was also evidence of negligence.
As plaintiff was hurt in obeying orders, the court should not
nonsuit the case, but submit it to the jury.    *Mason v. Rail-
road,* 111 N. C., 483.

In all the above there was a plenty of evidence of negligence
on the part of the conductor and engineer, and nothing to
excuse them.    The solitary bit of evidence against the plain-
tiff is that, after saying he "did not know how fast the train
was going," the poor, ignorant brakeman further said: "I
guess it was running ten to fifteen miles an hour."    If the
two statements stood on an equal footing it was for the jury
to find which was true, and certainly on a motion to nonsuit
only that evidence is to be taken which is most favorable to the
plaintiff.

But the statements are not of equal value.    This Court has
often held that, in such matters as the speed of trains, the dis-
tance in which they can be stopped, etc., the "jury are at
liberty to exercise their own common sense and to use the
knowledge acquired by their observation and experience in
everyday life in solving the question."    *Deans v. Railroad,*
107 N. C., 693, quoted and approved; *Lloyd v. Railroad,* 118
N. C., 1013; *Wright v. Railroad,* 127 N. C., 227.    The jury,
applying their common sense, knew that a freight train start-
ing out from a station could not possibly reach a rate of ten or
fifteen miles an hour before it cleared the station; they knew
that the plaintiff could not catch hold of a train moving at
that speed; they knew that a man who "guessed" a speed at

"ten to fifteen miles" an hour was not entitled to have his guess considered accurate, with so wide a margin. They did what a sensible, fair-minded jury ought to have done, and found that the other part of his testimony, that he "did not know how fast the train was running," was the simple truth, and that his subsequent wild guess of "ten to fifteen miles" was, from their own observation of freight trains leaving a station, an impossibility. The jury were at liberty to believe all or a part or none of the witness' testimony. And, on a motion of this kind, the court must take as true the evidence most favorable 'to the plaintiff. If a witness makes inconsistent statements the jury, not the court, must say which is correct. *Ward v. Manufacturing Co.,* 123 N. C., 248.

It is a hard measure to reverse this rule, and, when all the evidence shows the negligence of the conductor or engineer as the cause of the injury save one sentence of an ignorant man, a wild "guess" which is against natural evidence, to take the latter as true and nonsuit the plaintiff on account of it. The jury found, on the conflicting statements, that the plaintiff "did not know" the speed and that he was not guilty of contributory negligence. How can this Court find that he did know?

This is not the case of a passenger voluntarily getting off. It is an employee getting back on the train under orders to do so, and if it was running too fast that was the negligence of the conductor, who, having ordered the plaintiff to get back on the train, should have seen to it that the train was not moving too fast for him to get on. The plaintiff had simple faith that the conductor would do this, and such "faith should not be counted unto him" as his own negligence. Even where a passenger gets off a moving car with the assent of the conductor, express or implied, it is not negligence. *Lambeth v. Railroad,* 66 N. C., 495; *Nance v. Railroad,* 94 N. C., 623; *Watkins v. Railroad,* 116 N. C., 967; *Johnson v. Railroad,* 130 N. C., 488. Certainly it cannot be negligence when it is not

147—16

a passenger, but an employee, and he gets on or off because he is ordered to do so.   The plaintiff testified that the "sudden snatch" threw him under the car—not the speed—and the jury find, under his Honor's charge, that the actual speed was not sufficient to make contributory negligence.

The case was fairly put to the jury in the following charge: "If you find from the evidence that the plaintiff was on the defendant's train, in transit to his home, at the time alleged in the complaint, by permission of the conductor in control of the train, and that he was doing certain work, aiding in loading or unloading freight on the trip under the direction of the conductor; and if you find that when the train reached Magnolia the conductor ordered the plaintiff to see the agent at Magnolia, get a package for the conductor and then to board the train, and you find that the plaintiff obeyed the order of the conductor, inquired for the package, and then undertook to board the train, which was running, and was thrown under the train and had his finger and leg cut off, then the question of negligence of the defendant and of the plaintiff will depend upon how you shall find the other facts to be. If the motion of the train was such as to speed that the danger of getting on the train would not be apparent to a reasonable person, and you find that the plaintiff acted under the instructions of the conductor and undertook to board the train and was injured, then the resulting injury was not caused by the contributory negligence or want of care of the plaintiff. Ordinary care is that degree of care which may have been reasonably expected from a sensible person in the situation of the plaintiff and defendant at the time.   The general rule is that a person who gets off a train or on a train while in motion is guilty of contributory negligence.   If the conductor ordered the plaintiff to board the train, as alleged in the complaint, and he undertook to do it; if the train was moving at such speed that to board it was manifestly dangerous and so apparent as to deter a man from boarding the train who used

ordinary prudence and care, you would in such event answer the first issue 'No' and the second issue 'Yes.'   On the contrary, if plaintiff was ordered to get on the train at the time and place alleged by the complaint, and you find that the danger of getting on the train, moving as it was then found to be moving, was not so apparent as to deter a man of ordinary prudence from doing so, then you would answer the first issue 'Yes' and the second issue 'No,' provided you further find that the plaintiff was injured as alleged."

His Honor further instructed the jury "that the burden of proof is on the plaintiff as to the first issue and on the defendant as to the second issue; that is to say, the plaintiff must satisfy you by the greater weight of evidence that the defendant was negligent, or you will answer the first issue 'No'; but the burden is upon the defendant to satisfy you by the greater weight of the evidence that the plaintiff was guilty of contributory negligence, or you will answer the second issue 'No.'"

On the evidence, with the aid of the lucid and correct statement of the law thus laid down by the court, the jury did not permit the wild "guess" of an ignorant man as to the speed of a train which he had just said he "did not know" to overcome all the rest of his testimony, which clearly convicted the conductor of negligence and not the plaintiff.   And certainly, on appeal, we cannot reject all the evidence in favor of plaintiff because of one paragraph that is otherwise, and wholly disregard likewise the presumption that the Judge and jury acted correctly.