CLARK, C.J., dissenting, arguendo.
The court submitted these issues:
1. Was the plaintiff injured by the negligence of the defendant company? Answer: "Yes."
2. Did the plaintiff by his own negligence contribute to said injuries? Answer: "No."
3. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: "Five hundred dollars."
At the conclusion of the evidence the defendant moved to nonsuit the plaintiff, which motion was denied, and defendant excepted. From the judgment rendered defendant appealed.
The facts are stated in the opinion of the Court.
The plaintiff was a brakeman of a freight train, in defendant's employment. At the time of the injury he was not on duty, but was on his way to his home at Mount Olive from Wilmington. He was traveling on a freight train by permission of the "boss man," who refused him a pass, but told him to get aboard the freight and go home. Plaintiff was riding on the engine when the train reached Magnolia. The conductor directed him to get off and see the agent and inquire if there was a package of flowers for him. The conductor told plaintiff to get the flowers and then catch the train. The plaintiff testifies further: "I got off and went to agent and told him what Captain Southerland told me. The agent said there was no package there for Captain Southerland. I went back to get on the train. When I went to get on the train it gave a sudden snatch and threw me right under it. My left leg was cut off a little above the knee and my right forefinger near the upper joint. Do not know how fast the train was running when I tried to get on. I guess it was running 10 or 15 miles per hour. I had not been in the employment of the railroad quite two months at that time." No other evidence was introduced, and the case rests (238) *Page 176 
entirely upon plaintiff's own version of the facts, and upon these facts we are of opinion that the judge erred in not sustaining the motion to nonsuit. We place the same construction upon the language of the plaintiff in reference to the speed of the train which his counsel place upon it in their brief, viz., that he was giving "his opinion" of the speed at which the train was running at the time he attempted to board it. His opinion was, nevertheless, evidence, for no witness can do more than give an opinion upon such a matter, and it is the only evidence in this case bearing upon it.
We are somewhat at a loss to understand upon what theory of negligence the court below held the defendant liable, but assuming for the sake of the argument that there is evidence of negligence, then upon the unbroken line of precedents the plaintiff, upon his own evidence, is guilty of such contributory negligence as bars recovery. The general rule is that persons who are injured while attempting to get on or off a moving train cannot recover for any injury they may sustain in so doing. Burgin v. R. R.,115 N.C. 673. This rule is reiterated by the present Chief Justice inJohnson v. R. R., 130 N.C. 488, and enforced by Mr. Justice Walker inMorrow v. R. R., 134 N.C. 99, where all our precedents and many others are collected. There may be some few exceptions to the rule, but this case falls within none of them.
In a case very similar to this the Court of Appeals of New York says: "In boarding a moving train there is generally less excuse than in alighting from one. The party attempting it is not often under the same stress of circumstances as frequently happens in the former case. He may be compelled to wait for another train, but this is an inconvenience merely, which does not justify exposing himself to hazard." Hunter v. R. R., 112 N.Y. 378. See, also, Denny v. R. R., 132 N.C. (239) 340; Gordon v. R. R., ib., 565.
The motion to nonsuit is allowed and the action dismissed.
Error.