CORA REEVES, Administratrix, v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 18 November, 1909.)

1. Railroads—Negligence—Moving Trains—Brakemen—Scope of Employment.

When it appears that the plaintiff, a brakeman, has received the injury complained of from a defective handhold by following a custom of brakemen in jumping off and on another train ahead of his own train in order to reach a switch to change it, and such custom was known to and approved by the superior officers of defendant, a motion to nonsuit upon the evidence on the ground that he acted therein outside the line of his duties, will not be sustained.

**2. Same—Evidence—Nonsuit.**

   The rule that persons cannot recover damages of a railroad company for an injury received while getting on and off a moving train, does not apply in its full strictness to brakemen acting in the line of their duty.

**3. Railroads—Negligence—Moving Trains—Brakemen.**

   The test of whether a brakeman, while engaged in his employment with defendant railroad company, was guilty of contributory negligence and barred of recovery in his action for damages for an injury sustained by him while jumping on or off his moving train, is whether a person of ordinary prudence, in his position, would have acted likewise.

**4. Railroads—Moving Trains—Brakemen—Contributory Negligence.**

   If a brakeman jumps on or off a moving train, when it is obviously dangerous for him to do so, he is guilty of such contributory negligence as will bar recovery. As there was conflict of evidence in this case as to the speed of the train the question was properly submitted to the jury.

APPEAL from *Long, J.,* April Term, 1909, of GUILFORD.

Civil action, to recover damages for the negligent killing of Joseph Reeves.

The three issues of negligence, contributory negligence and damage were submitted to the jury, and answered by them in favor of the plaintiff. From the judgment rendered, the defendant appealed.

The facts are stated in the opinion of the Court.

*J. A. Barringer* for plaintiff.
*Wilson & Ferguson* for defendant.

BROWN, J. The only assignment of error relied upon in defendant's brief is to the denial by the court of the motion to nonsuit.

The evidence tends to prove that deceased was a yard brakeman on the new Pomona yards, and that his duties required him to switch cars, change switches and get on top of cars to tie the brakes. At the time he was killed he was proceeding in the discharge of his duty to the switches, to shut them, so that yard engine 682, to which he was attached, could go on its way to Greensboro on the main line. Engine 1632, with cars attached, had the right of way and preceded No. 682. Deceased jumped on one of the cars attached to 1632 to go to the switches to close them, after 1632 had passed out, as was his duty. As he took hold of the hand-hold, placed on the cars for the purpose, it broke and he was killed.

---

The motion to nonsuit is based upon two grounds:

1. It is contended that he was guilty of contributory negligence, as he was outside of the line of his duty.

This cannot be sustained, as the evidence shows that it was the duty of Reeves to go down there and close the switch, and that it was the habit of the yard brakeman and all other brakemen of the Southern Railway Company on the Pomona yards to jump on moving cars and ride to the place where they changed the switches, and that was known to the men who were in control of the Southern Railway Company here in Greensboro and on the Pomona yards, where the alleged injury happened, and permitted by them. This takes the case out of the principle laid down in *Bailey's case,* 149 N. C., 169.

2. It is contended that the intestate was guilty of negligence, *per se,* in attempting to board a moving train.

We admit the general rule, as well established, that persons who are injured while attempting to get on or off of a moving train cannot recover for any injuries they may sustain. *Whitefield v. Railroad,* 147 N. C., 236; *Burgin v. Railroad,* 115 N. C., 673; *Johnson v. Railroad,* 130 N. C., 488; *Morrow v. Railroad,* 134 N. C., 99. But this rule does not apply with absolute strictness to "train hands," brakemen and the like, who are accustomed, from the nature of their duties, to getting on and off moving trains, where, as in this case, the custom is general, and not only tolerated, but approved by their superior officers. Of course, if a "train hand" attempts to board a train moving so rapidly that a person of ordinary prudence in his position would not attempt it, and is injured, he cannot recover. We are unable to say, as matter of law, based upon the evidence, that such was the case here. His Honor therefore left that to the jury, under proper instructions. *Johnson v. Railroad,* 130 N. C., 488.

We think the court below did not err in denying the motion.