W. T. OWENS v. ATLANTIC COAST LINE RAILROAD
COMPANY.

(Filed 4 May, 1910.)

1. Railroads—Regular Stops—Train Orders—Rights of Passengers—
Substantial Damages.

There was evidence tending to prove that plaintiff was a pas-
senger on defendant's train scheduled to stop at McFarland;
that he tendered his fare to conductor, who refused to receive
it; that conductor had orders to stop at McFarland; that he
willfully disobeyed them; that plaintiff told conductor that he
must stop at McFarland to attend his child's funeral, and that
then conductor refused to stop: *Held*, that the evidence justified
the court in submitting the question of punitive damage to the
jury.

2. Railroads—Moving Trains—Passengers Alighting—Instructions
of Conductor—Contributory Negligence—Questions for Jury.

The question of contributory negligence of plaintiff in alight-
ing from a moving train should be submitted to the jury upon
evidence tending to show that the train had slowed down, so
that it was moving very slowly, and that, as plaintiff was
alighting, under the instruction of the conductor, it started to
go more rapidly and threw plaintiff to the ground and inflicted
the injury.

APPEAL from *W. J. Adams, J.,* at October Term, 1909, of
ANSON.

These issues were submitted:

1. Did the defendant wrongfully refuse to stop its train at
McFarland to permit the plaintiff to alight therefrom, as alleged
in the complaint? Answer: Yes.

2. Was the plaintiff injured through the negligence of the de-
fendant, as alleged in the complaint? Answer: Yes.

3. Did the plaintiff by his own negligence contribute to his
injuries? Answer: No.

4. Did the defendant willfully and wantonly refuse to stop
its train at McFarland to permit the plaintiff to alight there-
from? Answer: Yes.

5. What damages, if any, is plaintiff entitled to recover?
Answer: $2,500.

From the judgment rendered the defendant appealed.

*Robinson & Caudle* for plaintiff.
*James A. Lockhart* and *McLean & McLean* for defendant.

BROWN, J. This case was before us at a former term upon a
demurrer *ore tenus* to the complaint, and is reported in 147
N. C., 357, which is referred to as to its general nature. The
Superior Court sustained the demurrer, and upon appeal this

Court reversed the judgment, holding that upon the allegations of the complaint the plaintiff was entitled to nominal damages. Thereafter, by leave of the lower court, an amended complaint was filed, to which the defendant filed an answer.

The defendant excepted to the submission of the second and fourth issues. Under the allegations of the amended complaint it was proper to submit those issues, as they were clearly raised by the amended pleadings. We have examined the twenty-five assignments of error set out in the record, but do not deem it necessary to discuss them *seriatim.*

1. The defendant requested the court to instruct the jury that the plaintiff can' recover only nominal damages. The court declined, and defendant excepted. The case presented upon the amended pleadings and the evidence is essentially different from that presented upon the demurrer. The evidence tends to prove that the plaintiff had tendered his fare to McFarland, a regular scheduled station on the defendant's road; that he informed the conductor that his child was dead and would be buried that afternoon, and repeatedly begged the conductor to stop there. It is in evidence that the conductor had orders to stop at McFarland and take the siding in case he arrived later than 1:20 P. M.; that the conductor examined his watch when he neared McFarland and said it was 1:22 P. M. Nevertheless, he did not stop, although repeatedly urged by the plaintiff to do so. The plaintiff had a right to have the train stop at McFarland in obedience to orders, and under the unusual and painful circumstances of this case the extraordinary and unfeeling conduct of the conductor is some evidence of a willful, wanton and reckless disregard of the plaintiff's rights, sufficient to be submitted to the jury in connection with the question of punitive damages.

2. It is further contended by the defendant that in any view of the evidence the plaintiff is guilty of such contributory negligence as bars recovery. We are not disposed to relax the just and reasonable rule laid down in the former opinion in this case, and quoted from the opinion in *Johnson v. R. R.,* 130 N. C., 488, but there are facts and circumstances in evidence which we think warranted the judge below in submitting the matter under proper instructions to the jury.

It must be admitted that the temptation to alight from a moving train to reach the body of a beloved child is very great, almost irresistible. Yet that would not have excused the plaintiff. But there are facts and circumstances in evidence that the conductor had not only slowed the train down very much at McFarland, but that he invited and encouraged the plaintiff to

jump, and that just as the plaintiff was about to jump with his hand hold of the rail, the train started up more rapidly and threw him to the ground. It is generally recognized that passengers are in many cases excused from the imputation of negligence where they obey the directions or advice of the trainmen, whom the passenger may justly suppose, by reason of their experience, to be better able to judge whether a given act is dangerous than the passenger himself. Thompson on Neg., sec. 2879; *Johnson v. R. R.*, 130 N. C., 490. The charge of the court below upon this feature of the case was a clear statement of the law as settled by repeated decisions. Submitting the question of the plaintiff's negligence to the jury, instead of imputing negligence to him as matter of law upon his own evidence, we think was not erroneous under the evidence in this record.

Upon a careful review of the whole case we are of opinion that no substantial error was committed, certainly none that warrants another trial.

No error.