CLARK, C. J., dissenting.
This is an action to recover damages for personal injury.
The plaintiff was a section hand in the employment of the defendant, and was engaged in working upon the section near High Point under Foreman T. W. Pierce. He had been engaged in this work for more than two years, and on 27 October, 1917, the foreman with four section hands, including the plaintiff, was taking two cars from the belt-line which runs around a section of the city of High Point onto the main line which leads from High Point to Asheboro. The foremost of the two cars was propelled by a gasoline motor; attached to it in the rear was what is known as a "hand" or "push car," which is flat platform resting upon two trucks and has no motive power, but is ordinarily propelled by the men walking upon the tracks and pushing the car in front of them. On this occasion, it was attached to and propelled by the gasoline car. When the cars reached a point near the junction between the main line and the belt line, the plaintiff jumped off and went forward to the switch in order to change the switch so that the cars might leave the belt line and go upon the main line.
The evidence of the plaintiff is that the cars did not stop, and that as they were passing him the foreman directed him to jump on, and that he was injured in attempting to do so; that he had been jumping off and on about two years in changing the switch.
According to the plaintiff's testimony, they were running about six or seven miles an hour. *Page 534 
According to the defendant's testimony, they were running from four to five miles an hour.
His Honor charged the jury, among other things, as follows: "If the plaintiff has satisfied you by the greater weight of the evidence that this car was going at a dangerous rate of speed for him to get off and on the car, six or seven miles an hour, the court charges you if defendant, through its section master, ordered the plaintiff to get on this car, that would be negligence on the part of the defendant, and you should answer the issue `Yes.'"
The defendant excepted. There was a motion for judgment of nonsuit, which was overruled, and the defendant excepted.
The jury returned the following verdict:
1. Was the plaintiff injured by the negligence of the defendant, as alleged? Answer: "Yes."
2. Did the plaintiff contribute to his injury by his own negligence, as alleged in the answer? Answer: "Yes."
3. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: "$300."
(503) Judgment was entered upon the verdict in favor of the plaintiff, and the defendant appealed.
The case of Myers v. R. R., 166 N.C. 234, decided by a unanimous Court, is a controlling authority on both questions raised by the appeal, sustaining the exception to the charge and overruling the exceptions to the refusal to nonsuit the plaintiff.
In the Myers case the plaintiff was injured while attempting to get on a freight train running six or eight miles an hour, in obedience to the command of his superior, and upon appeal a refusal to nonsuit was affirmed.
It also appears from an examination of the original record that his Honor charged the jury that if they found from the evidence that the plaintiff was an employee of the defendant; that he was directed by his superior to get on the moving train; that he attempted to do so in obedience to the order given him: "that the train was running at a speed of about seven miles an hour, and that a reasonable man could have seen that it was dangerous for a man to get on a moving train going that fast"; that he used due care and caution in trying to do so, and was injured, and this was the proximate cause of the injury, it would be the duty of the jury to answer the first issue "Yes." *Page 535 
This charge was excepted to, and the exception was relied on in the brief, and the Court, without discussing each exception separately, says: "We have examined with care the exceptions set out in the record to the reception and rejection of evidence, and also to the charge of the court, and we think the case was substantially tried under the well-settled principles of law obtaining in this State."
It will be observed that in the charge, which has been approved, his Honor did not determine the fact that it was dangerous for an employee to get on a freight train moving seven miles an hour, nor did he declare as matter of law that to direct him to do so was negligence, nor did he instruct the jury to answer the first issue "Yes" without a finding that the negligence of the defendant was the proximate cause of his injury. On the contrary, he left the question of danger to the jury, under the rule of the reasonable or prudent man, and incorporated the principle of proximate cause as secondary before the issue could be answered in favor of the plaintiff, while in the charge now before us his Honor declared a speed of six or seven miles an hour to be dangerous and eliminated the finding of proximate cause altogether, which is an essential fact involved in the first issue. "The authorities fully sustain the position of the plaintiff, (504) that it is negligence to run a train without a headlight at night along a track frequented by the public, but a plaintiff cannot recover upon proof of negligence alone. He must go further and prove that the negligence complained of was the cause of his injury. Crenshaw v. R.R., 144 N.C. 314; Pritchett v. R. R., 157 N.C. 101; Henderson v. TractionCo., 132 N.C. 784.
"In the first of these cases the Court said: `The burden is always on the plaintiff to show by a preponderance of evidence that the defendant committed a negligent act, and that it was the proximate cause of the injury. The two facts must coexist and be established by the clear weight of the evidence before a case of actionable negligence is made out.Brewster v. Elizabeth City, 137 N.C. 392'; in the second: `In all courts where the common law is administered it is held that one cannot recover damages upon proof of negligence alone, and that he must proceed further and show that the negligence of which he complains was the real proximate cause of the injury'; and in the last: `It is generally held — and this we regard as the doctrine — that the element of proximate cause must be established, and it will not necessarily be presumed from the fact that a city ordinance or statute has been violated. Negligence, no matter in what it may consist, cannot result in a right of action unless it is the proximate cause of the injury complained of by the plaintiff.'" McNeill v.R. R., 167 N.C. 395. *Page 536 
That the question of proximate cause was material and in controversy is shown by the evidence of the defendant that the plaintiff was injured by his own carelessness, which caused him to stumble and fall on the car, and by the answer of the issue of contributory negligence in favor of the defendant.
There was less reason for submitting to the jury the question of the danger of getting on the moving car in the Myers case than in this, because the plaintiff in this action is an employee of experience who had for two years been jumping off and on the car when in motion without injury, while in the Myers case the injured employee was performing different services, some of them not connected with the operation of trains, and he was told to get on a heavy freight train, and in this on a low gasoline car. The danger was more apparent and the experience and skill of the employee less in the one case than in the other.
It is also recognized in Reeves v. R. R., 151 N.C. 318, that the rule which usually prevents a recovery by one injured while getting on a moving train does not apply in strictness to experienced trainmen, and if to do so cannot be declared to be contributory negligence as matter of law, why should a direction to get on under the same conditions be arbitrarily declared to be negligence, instead of leaving the (505) question to the jury to say whether the officer giving the order was acting as a reasonably prudent man, considering the speed of the train, the experience of the employee and other relevant circumstances?
This seems to us to be the better and safer rule, and it leaves to the jury disputed facts instead of permitting the judge to decide them.
New trial.