A. T. PENDERGRAST v. DURHAM TRACTION COMPANY.

(Filed 19 November, 1913.)

Street Railways—Personal Injury—Negligence—Accident—Trials—
    Nonsuit. ·

In an action against a street car company to recover damages for a personal injury alleged to have been negligently inflicted, · there was evidence that while the plaintiff was attempting to alight from a moving car of defendant he caught hold of a grab-handle, used for the purpose, in which a screw on the off side from him, at the bottom of the handle, used for keeping the bar from slipping in the socket, projected about 1/16 of an inch, which caught in a thin finger ring on his hand, as his hand natu-rally slipped down the bar in alighting, and tore the ring off, to his injury. There was also evidence that the plaintiff had told the conductor to stop for him at this place, and that the ·motor-man, seeing the plaintiff about to alight, told him to wait and he would stop the car: *Held*, the injury was the result of an accident, and not attributable to the ,defendant's negligence, and a motion as of nonsuit was properly granted.

APPEAL by plaintiff from *Peebles, J.*, at March Term, 1913, of DURHAM.

Civil action to recover damages for physical injury caused by the alleged negligence on the part of defendant company.

On motion, duly entered, there was judgment of nonsuit, and the plaintiff excepted and appealed.

*Bryant & Brogden for plaintiff.*
*Winston & Biggs and W. L. Foushee for defendant.*

HOKE, J.    The evidence, among other things, tended to show that on 25 September, 1911, the plaintiff, a passenger on a street car of defendant company, in the endeavor to alight from the car while in motion, had the little finger of his left hand torn off by reason of a thin ring on that finger catching on the head of a screw at the bottom of the grab-handle on the forward part of the car. The plaintiff testified that he had gone out on the platform for the purpose of alighting as the car entered the switch on Chapel Hill Street, when it was moving at the rate of 5 to 6 miles per hour, having asked the conductor to slow up, and, at the time of the occurrence, it was moving at the rate of 3 or 4 miles per hour. That the screw was at the bottom of the grab-handle in the brass knob or socket in which the handle rested, 36 inches from the bottom of the step, and the purpose was to keep the rod from turning in the socket; that it was on the inside of the knob and the head projected about one-sixteenth of an inch from the surface; that plaintiff took hold of the handle on the front of the platform with his right hand and of the handle on the front part of the car with his left hand, and as he attempted to alight, his left hand glided down the rod and the ring on his little finger caught in the screw-head and was pulled off by the forward movement of the car. The witness testified further that he didn't know whether the conductor heard witness when he asked him to slow down, and that he didn't hear the motorman if he told witness to "Wait and he would stop the car." The motorman testified in this connection that when he saw the plaintiff standing down on the step with his hand on the grab-handle, he said to him, "Mister, if you want to get off, wait a minute, and I will stop the car." On these the controlling facts relevant to the inquiry we are of opinion that the plaintiff was properly nonsuited. Giving due consideration to the circumstance of the obscure placing of the

screw and the slight projection on the inside of the lower end of the rod and only 36 inches from the bottom of the step and projecting above the surface only one-sixteenth of an inch, that the plaintiff was caught in a very thin finger ring on his left hand, and that the wrench was given by the forward movement of the car which had never stopped and from which he was in the act of alighting, we are of opinion that the case comes clearly within the category of inevitable accident, and for which the defendant should not be held responsible. Under the combination of circumstances shown forth in the evidence, the negligence of the defendant, if it existed, could in no sense be regarded as the proximate cause of the injury, and the judgment of nonsuit must therefore be

Affirmed.