# Chapman et ux. *v.* Clothier et al.

*Negligence—Department store—Injury to customer—Fall on steps—Depression in step—Hand rail—Evidence.*

1. A storekeeper, while required to use ordinary care to keep his place of business in a reasonably safe condition so as not to expose his customers to unnecessary danger, is not liable for accidents they may therein sustain, except upon proof of default.

2. A storekeeper is not liable for injuries which a customer sustained from a fall on an alleged depression in a step, where the evidence disclosed no defect in the step, and no depression exceeding one-sixteenth of an inch in depth.

3. In such case a statement by one of plaintiff's witnesses that there was a hollow which might have been an inch or an inch and a half deep, cannot prevail against actual measurements, and this is especially so where the witness admitted that she did not know much about inches, and that she might not have been right within a half inch or an inch.

4. Where in such case it appears that the flight of steps was less than three feet in height, no inference of negligence can be drawn from the absence of a hand rail down the side of the steps.

Argued May 8, 1922. Appeals, Nos. 320 and 321, Jan. T., 1922, by defendants, from judgment of C. P. No. 2, Phila. Co., March T., 1921, No. 3275, on verdict for plain-

tiffs in case of Elizabeth Chapman and David H. Chapman v. Morris S. Clothier et al., trading as Strawbridge & Clothier. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before BARRATT, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for Elizabeth Chapman for $5,000, and for David H. Chapman for $3,000. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Layton M. Schoch,* with him *Johnson, Gilkyson & Freeman,* for appellant.—On the whole record defendants were entitled to binding directions or a grant of the motion for judgment non obstante veredicto: Fox v. Borkey, 126 Pa. 164; Lessig v. Reading T. & L. Co., 270 Pa. 299; Bornscheuer v. Traction Co., 198 Pa. 332; Hill v. Transit Co., 271 Pa. 232.

*Daniel G. Murphy,* with him *Isaac D. Levy,* for appellees.—The case was for jury: Polenske v. Lit Bros., 18 Pa. Superior Ct. 474; Bloomer v. Snellenburg, 221 Pa. 25; Robb v. Niles-Bement-Pond Co., 269 Pa. 298; Spicer v. Boice, etc., 66 N. J. L. 434; Brown v. Steven, 99 N. W. 12; Quirk v. Siegel-Cooper Co., 60 N. Y. S. 228.

Plaintiff was an invitee and it was for the jury to say whether or not defendant had discharged its duty to use ordinary care to maintain its premises in a reasonably safe condition: Reid v. Linck, 206 Pa. 109; Donahue v. Tel. Co., 57 Pa. Superior Ct. 251; Hagan v. Steel Co., 240 Pa. 222; Jones v. Coal & Coke Co., 255 Pa. 339; West Chester & Phila. R. R. v. McElwee, 67 Pa. 311; Frankford & B. Turnpike Co. v. R. R., 54 Pa. 345; McKee v. Bidwell, 74 Pa. 218; Central D. & P. T. Co. v. Otis Elevator Co., 54 Pa. Superior Ct. 649; Stewart v.

R. R., 235 Pa. 311; Clopp v. Mear, 134 Pa. 203; Kohn
v. Clark, 236 Pa. 18.

OPINION BY MR. JUSTICE WALLING, May 25, 1922:

The defendants, Strawbridge & Clothier, have a large
department store on Market Street, Philadelphia,
wherein the plaintiff, Mrs. Chapman, a customer, was
hurt by a fall on March 9, 1921. This suit was for the
injuries thereby sustained, on the allegation that they
resulted from defendants' negligence, as hereinafter
stated. The jury found for the plaintiffs, and, from judg-
ments entered thereon, defendants brought these appeals.

The request of defendants for binding instructions
should have been granted. A storekeeper, while required
to use ordinary care to keep his place of business in a
reasonably safe condition so as not to expose his custo-
mers to unnecessary dangers (29 Cyc. 453; Woodruff v.
Painter & Eldridge, 150 Pa. 91; Robb v. Niles-Bement-
Pond Co., 269 Pa. 298), is not liable for accidents they
may therein sustain, except upon proof of his default:
Huey v. Gahlenbeck, 121 Pa. 238. Plaintiff attempts to
supply such proof by showing a defect in a marble step
as the cause of her fall. There is a ladies' rest room in
the store and leading from there up to the retiring room
is a flight of five marble steps, each with a fourteen-inch
tread and a seven-inch rise. Plaintiff fell as she was
descending these steps, she avers as the result of her foot
sliding into a depression, three or four inches in di-
ameter, worn in the third step. The steps, however, are
still in place and, according to the evidence of disinter-
ested witnesses who had examined and measured them,
disclosed no such defect and no depression exceeding one-
sixteenth of an inch in depth. Plaintiffs' son, who
made measurements there soon after the accident, testi-
fied that it took the thickness of fifteen pennies (prac-
tically seven-eighths of an inch) to bring the front of the
step up to the level of the back or what he calls the heel
of the step, and that from this line to the bottom of the

so-called depression was slightly over seven-eighths of an inch. But that throws no light on the depth of the depression, as the line from which he measured was seven-eighths of an inch above the surface of the marble at the front edge. The evidence is that these steps were constructed with the usual incline forward, which fact was ignored by plaintiffs' son when making his measurements. His testimony seems to have been understood at the trial as indicating a depression in the marble step of at least seven-eighths of an inch, but he did not so testify. What he said was: "I ran one end of the level—it started at the rear of the step, and built it up with pennies in front of the step until it became level, and then I measured the depth of the whole from the level of the rule to the bottom of the hole." He does say, the way he measured it the hole was seven-eighths of an inch deep, but explains how he measured it, as above stated, which fails to prove an actual hole in the marble of that depth, nor is there evidence of any measurement showing such depression. True, a witness who merely looked at the steps says the hollow might have been an inch or an inch and a half deep, but also says she does not know much about inches and might not be right within a half inch or an inch. Such uncertain estimates cannot prevail against actual measurements. The steps were of American marble, properly constructed and in perfect condition, except slightly worn, and to hold defendants liable for this unfortunate accident would practically be to render the storekeeper an insurer of the safety of his customers, which he is not.

There was a hand rail around the opening at the top but none down the side of the steps; as they were less than three feet high, no inference can be drawn that the absence thereof created an unsafe condition, while the only testimony on the question was to the contrary. On the whole record the evidence is not sufficient to support the charge of negligence against the defendants. Of course, storekeepers are liable where they carelessly expose their

customers to real dangers, like open elevator shafts, open hatchways, or obstructions in aisles, etc., but the decisions so holding are not parallel to the present case.

The judgments are reversed and are here entered for the defendants non obstante veredicto.