H. F. LEAVISTER v. JESSE FRENCH & SON PIANO COMPANY.

(Filed 21 March, 1923.)

1. **Negligence—Invitee—Licensee—Evidence—Questions for Jury—Trials.**

Where the injury for which damages are sought in the action was received by the plaintiff in falling through an open trap door in the defendant's store while he was there for the purpose of purchasing merchandise, and the defendant contends it was at night, after business hours, and that the injury occurred in a part of the store set apart from customers; and there is evidence in plaintiff's behalf that the store was then

lighted and open for business, and he had gone, under the direction of the clerk, to a cabinet in which the goods he desired were kept, and the injury occurred while he was doing so, it was for the jury to decide, in considering the issue as to the defendant's negligence, whether the plaintiff, under the circumstances, was an invitee or licensee, and defendant's motion as of nonsuit was properly denied.

**2. Same—Instructions—Appeal and Error.**

In an action to recover damages for the negligence of defendant in causing a personal injury, involving the question whether the plaintiff was an invitee or licensee on that part of the defendant's premises where the injury occurred, an exception to the refusal of the judge to give the defendant's prayer for special instruction on that phase of the case is untenable on appeal, when it appears that the trial judge substantially incorporated the requested prayer in his general charge, and further instructed the jury that the plaintiff must show that, under the circumstances, he exercised due care in order to recover.

APPEAL by defendant from *Lyon, J.,* at October Term, 1922, of WAKE.

This is an action for damages for injuries sustained by defendant's negligence. He alleges that he went into defendant's store to purchase music rolls advertised in the window. The store was lighted, the door open. He made known his wishes to a salesman, who at the time was attending upon another customer, but who directed the plaintiff to a cabinet in the rear of the store a few feet away.

As the plaintiff approached the cabinet he fell through an open trap door in the floor and was injured. The defendant's defense was that the plaintiff came into the store after regular business hours and the trap door was not in that part of the store used by customers. The evidence was somewhat in conflict on this point. Verdict and judgment for the plaintiff. Appeal by defendant.

*Douglass & Douglass and Pou, Bailey & Pou for plaintiff.*
*Burgess & Joyner, Oscar Leach, and Murray Allen for defendant.*

CLARK, C. J. Upon the evidence the motion for nonsuit was properly refused. The defendant contended that the plaintiff was a mere licensee. The plaintiff contended that he was an invitee, and the jury so found.

Upon the defendant's own evidence, the store was open, lighted, doing business, and the appellee on coming in made known that he was there as an intending purchaser, and was so received. The issue as to whether the plaintiff was an invitee or a licensee was properly submitted to the jury. 20 R. C. L., p. 68, sec. 58. We have examined with care the exceptions to the charge and to the evidence, and cannot sustain them.

In *Ellington v. Ricks,* 179 N. C., 686, the Court quoted with approval from 20 R. C. L. as follows: "The authorities are entirely agreed upon the proposition that an owner or occupant of lands or buildings who

directly or by implication invites or induces others to go thereon and therein owes to such person a duty to have his premises in a reasonably safe condition, and to give warning of latent or concealed perils" (p. 55); and further, that "the owner or occupant of premises is liable for injury sustained by persons who lawfully enter thereon only when the injury results from the use and occupation of that part of the premises which has been designated, adapted, and prepared for the accommodation of such persons" (p. 67). In that case our Court said: "If an invitee goes to out-of-the-way places on the premises, wholly disconnected from and in no way pertaining to the business in hand, and is injured, there is no liability, citing *Glaser v. Rothschild*, 22 L. R. A. (N. S.), 1055, but a slight departure by him in the ordinary aberrations or casualties of travel does not change the rule or ground of liability, and the protection of the law is extended to him while lawfully upon that portion of the premises reasonably embraced within the object of his visit. *Monroe v. R. R.*, 151 N. C., 377." In the present case there was no warning of any latent or concealed peril from the open trap door, and the situation of the piano in that connection was a question for the jury, properly submitted.

The defendant insists particularly upon exception 20, contending that it was error not to charge the jury in the identical language of the prayer as follows: "The occupant of premises is liable for injuries sustained by persons who have entered lawfully thereon only when the injury results from the use and occupation of that part of the premises which has been designed, adapted, and prepared for the accommodation of such persons, and if the jury shall find from the evidence that plaintiff, at the time he stepped into the opening to defendant's basement was not in that part of the store which was designed, adapted, and prepared for the accommodation of defendant's customers, they will answer the first issue 'No,' even though the jury should find from the greater weight of the evidence that plaintiff was an invitee on defendant's premises at the time." The court, in stating the defendant's contentions, said: "The defendant contends that this cabinet was not opposite the trap door, but was beyond it, and contends there was a piano at the end of it and a piano at the side of it, so close together that a man could not get between the two without pulling one away, and contends that the plaintiff was not invited to go down there"; and then instructed the jury that unless they should find that plaintiff was invited in for purposes of trade, and an employee pointed him to the cabinet, and he fell into the trap door when he was exercising such care as a reasonably prudent man would use under such circumstances, to answer the issue "No."

This was more favorable to defendant than its instruction asked, for it required the jury to find that plaintiff was not only invited in, but

was directed to the space near the open trap door, and that he exercised due care.   Under the instruction, as given, every fact upon which the instruction was prayed and refused is predicated.   *Carter v. R. R.,* 165 N. C., 244.

Indeed, there was very little, if any, evidence that any part of the store was set apart from customers.   It was a small room, the depth of the store being only 30 feet, and the cabinet only 18 or 20 feet from the front door.   If the trap door was set apart from use by the public, there was nothing to indicate it.   The pianos being goods for sale, invited rather than warned the customers.   If there were two arranged in this instance, their arrangement may have served to conceal the trap door rather than to warn the customer, and probably cut off the light from the open trap.   The music rolls being above the pianos, a customer to inspect them might be led into a fall much in the manner that wild beasts are trapped when the bait is suspended above the pit.

Upon examination of all the exceptions, without going into further detail, we think that the case was properly and fully presented to the jury, and we find

No error.