CORA BOHANNON, by Her Next Friend, MRS. A. E. BOHANNON, v. LEONARD-FITZPATRICK-MUELLER STORES COMPANY, Inc.

(Filed 20 November, 1929.)

Negligence A c—Construction and condition of steps held not to constitute negligence in this case.

The owner of a store for the sale of merchandise is not an insurer of the safety of its customers or invitees therein, but is liable only for injuries resulting from failure to exercise reasonable care to provide for their safety while on the premises; and where there is evidence tending only to show that the plaintiff was injured while coming down the stairs of the store by a fall caused by her heel catching in a piece of metal strip two inches wide lying one-sixteenth of an inch above the wooden tread of the step, the tread being nine inches and the rise of the step eight inches, and the width of the stair being four feet, with a hand-railing on each side: *Held,* the injury could not have been reasonably anticipated, but resulted from an accident, and defendant's motion as of nonsuit should have been granted.

CLARKSON, J., dissenting opinion; STACY, C. J., concurring in dissent.

APPEAL by defendant from *McElroy, J.,* at September Term, 1929, of FORSYTH. Reversed.

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant.

The negligence alleged in the complaint is the maintenance of a stairway in a building occupied by the defendant, for the use of the public, with steps which plaintiff alleges were negligently constructed.

On 1 March, 1929, defendant, a corporation engaged in the retail mer-
cantile business, under a lease from the owner was in possession of a
building in the city of Winston-Salem, N. C. It occupied said building
and operated therein a store for the sale of dry goods. On the second
floor of said building there was a "Beauty Parlor." The only means of
access to said "Beauty Parlor" from the first or ground floor of said
building was a stairway. By the terms of its lease, defendant had un-
dertaken to maintain the said stairway in a safe condition for use by the
patrons and customers of the "Beauty Parlor."

The steps of said stairway are constructed of wood. Each step has a
tread of nine inches, and a rise of eight inches. Across the front of each
step is a metal strip two inches wide. The surface of each of these
metal strips as it lies upon the step is one-sixteenth of an inch higher
than the surface of the step. Each of the metal strips extends over the
next lower step in the stairway about an inch and three-fourths, and is
curved back to the riser of said step. The purpose of the metal strips
is to protect the edge of each step from wear, and thereby to provide for
the safety of persons who use the stairway. The stairway is inside the
building, and is about four feet wide. There is a hand-rail on each
side of the stairway. From the first floor to the platform, which is
between the first and second floors, there are eight or nine steps; from
the platform to the "Beauty Parlor," which is in a balcony on the second
floor, there are four steps.

On 1 March, 1929, the plaintiff was an employee of defendant. She
had been in charge of the hosiery department, located on the first floor
of the building, for five months. She had no duties as an employee of de-
fendant which required her to ascend the stairway or to go to the second
floor of the building. During the lunch hour of said day, while she was
released from her duties as an employee, plaintiff ascended the stairway
and went to the "Beauty Parlor" on the second floor as its patron or
customer. After she had been served in the "Beauty Parlor," and while
she was descending the stairway to the first floor, she fell and was
injured. She testified as follows:

"On 1 March I was a customer of the "Beauty Parlor." After the
work for which I had gone up there had been finished, I started to go
down the steps. About five steps from the bottom of the stairway I fell.
What caused me to fall was that the steel piece on the edge of the step
caught in the heel of my left shoe. The steel piece was a fraction higher
than the other part of the step—the wood part—and that caught the heel
of my shoe, as I was coming down the stairway. I was holding to the
banisters on either side of the steps. I was coming down carefully, as I
knew that others had fallen on the stairway. As I stepped on this step,
and was making another step, my heel caught on the steel piece which

comes up a fraction above the wood, throwing me around. This was the cause of my injuries. I did not fall clean to the bottom of the stairway. I got up and sat on the step. Then everything went black to me. One of the employees in the store came and helped me to the back of the store."

All the evidence offered at the trial was to the effect that the metal strips on the steps in the stairway were about one-sixteenth of an inch higher than the wood, and that the tread of each step, including both the wood and the metal strip, is nine inches. One of plaintiff's witnesses, a carpenter of forty years experience, testified as follows:

"I was in that store a couple of times while they were building those steps, and I saw the steps three or four days ago. I didn't examine them very much, but had occasion to go up and down the stairway once or twice. To the best of my knowledge the steps in the stairway have a tread of about nine inches, and a rise of about eight inches. I judge that the metal strip is about two inches wide. That is the way they usually put them on. I never noticed whether the edge of the metal strip on each step was higher than the step back of it."

This action was begun and tried in the Forsyth County Court before Efird, J., and a jury. The issues submitted to the jury at the trial were answered as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by her own negligence, contribute to the injury as alleged in the answer? Answer: No.

3. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,000."

From judgment on the verdict, defendant appealed to the Superior Court of Forsyth County, assigning errors based on exceptions duly taken during the trial.

Upon the hearing of said appeal, in the Superior Court, defendant's exceptions were not sustained. The judgment of the County Court was affirmed.

From the judgment of the Superior Court, affirming the judgment of the County Court, defendant appealed to the Supreme Court.

*W. L. Morris for plaintiff.*
*Ratcliff, Hudson & Ferrell for defendant.*

CONNOR, J. The defendant on its appeal to this Court contends that there was error in the judgment of the Superior Court of Forsyth County, and that for this error the said judgment should be reversed. On its appeal from the judgment of the County Court to the Superior

Court of Forsyth County, defendant assigned as error the refusal of the County Court to allow its motion for judgment as of nonsuit, at the close of all the evidence, and in accordance with said motion to dismiss the action. This assignment of error was not sustained by the Superior Court. The judgment of the County Court was affirmed. The defendant excepted to the judgment of the Superior Court and appealed therefrom to this Court.

The defendant's contention that the evidence offered at the trial in the Forsyth County Court, viewed in the light most favorable to plaintiff, is not sufficient to sustain plaintiff's allegation that the injuries for which she seeks to recover damages by this action, were caused by the negligence of defendant, is thus presented to this Court. It is conceded that there was evidence tending to show that plaintiff's fall on the stairway in the building occupied by defendant was caused, as she testified, by the catching of the heel of her shoe by the metal strip on the edge of a step in said stairway, and that her injuries were caused by this fall. It is admitted that upon the facts of this case, defendant is liable to plaintiff for the damages which resulted from her injuries, if the said injuries were caused by the negligence of defendant in failing to maintain the steps of the stairway in a reasonably safe condition for use by patrons and customers of the "Beauty Parlor," located on the second floor of the building occupied by the defendant, under a lease from the owner. The question to be decided, therefore, is whether the defendant was negligent in maintaining the stairway with steps constructed as all the evidence tends to show the steps in the stairway were constructed by the owner of the building. The negligence alleged in the complaint is the maintenance by defendant of the stairway for use by the public, with steps which were negligently constructed, in that metal strips, two inches wide, are laid upon the steps, with the result that the surface of the said strips is higher than the surface of the remainder of the steps. All the evidence tends to show that the surface of the metal strips is one-sixteenth of an inch higher than the surface of the remainder of the steps.

With respect to the construction of the steps in the stairway, it should be noted that the tread of each step is nine inches, including the metal strip, thus leaving the distance from the edge of the step to the back of the step, or to the rise of the next step above, seven inches; also, that hand-rails were placed on each side of the stairway, which does not exceed four feet in width. The stairway is inside the building, and was constructed for use only by persons who have occasion to go from the first to the second floor, and from the second to the first floor of the building. Plaintiff contends that the construction of the steps in the stairway is negligent. She alleges that defendant was negligent in maintaining the

stairway with the negligently constructed steps for use by patrons and customers of the "Beauty Parlor," in that defendant by the exercise of reasonable care could have foreseen that the edge of the metal strip on each of the steps, being higher than the remainder of the step, would probably catch the heel of the shoe of a person descending the stairway from the second floor, and cause such person to fall and be injured.

Plaintiff had been employed by defendant for five months prior to the day on which she was injured. During this time she worked only on the first floor. She had no duties by reason of her employment by defendant which required her to go up the stairway to the second floor of the building. She had, however, gone up to the "Beauty Parlor" twice during this time using the stairway for that purpose. She testified that she knew that others had fallen on the stairway. She did not testify, however, that any person other than herself had ever fallen on the stairway because the heel of the shoe of such person had been caught by the metal strip on any of the steps in the stairway, nor did she testify that defendant knew that any person had fallen on said stairway prior to the date on which she fell. There was no evidence tending to show that any person other than the plaintiff, while ascending the stairway, had fallen because his or her heel had been caught by one of the metal strips.

The liability of the owner or occupant of a building used as a store for the sale of merchandise to a customer or other invitee for damages resulting from injuries sustained while such customer or other invitee was in the building, and caused by some condition therein, is founded upon the principles on which the law of negligence is predicated. *Leavister v. Piano Co.*, 185 N. C., 152, 116 S. E., 405. The owner or occupant of the building is not an insurer of the safety of his customer or other invitee, while in the building. *Mullen v. Sensenbrenner* (Mo.), 260 S. E., 982, 33 A. L. R., 176. He is liable only when the injuries resulting in damages were caused by his failure to exercise reasonable care to provide for the safety of his customers or other invitees. These principles apply in the instant case, and in accordance therewith we are of opinion that the evidence offered at the trial in the Forsyth County Court fails to show that defendant was negligent in maintaining the stairway with steps constructed by the owner of the building, on which metal strips were placed so that the surface of the strip on each step was one-sixteenth of an inch higher than the surface of the step between the edge of the metal strip and the back of the step. Plaintiff's fall while descending the stairway, caused by catching the heel of her shoe on the metal strip was not caused by the negligence of defendant. The fall was an accident, for which defendant is not liable. *Pendergrast v. Traction Co.*, 163 N. C., 553, 79 S. E., 984; *Chapman v. Clothier*, 274 Pa., 394, 118 Atl., 356.

The judgment of the Superior Court of Forsyth County is reversed. The action is remanded to said court with direction that judgment be entered in accordance with the decision of this Court.

Reversed.

CLARKSON, J., dissenting: Defendant corporation had a retail mercantile business on the first floor, and in connection with same had also a "Beauty Parlor" on the second floor. The steps going up to the "Beauty Parlor" were of wood. Each step had a tread of nine inches and a rise of eight inches. Across the front of each step was a metal strip two inches wide. The surface of each of these metal strips as they lay upon the step was one-sixteenth of an inch higher than the surface of the step. The purpose of the metal strip was to protect the edge of each step from wear.

Cora Bohannon, a young girl, had gone up the steps to the "Beauty Parlor," and on coming down the steps the steel piece on the edge of the step caught in the heel of her left shoe. She was coming down the steps carefully, as she knew others had fallen on the stairway. She testified, "My heel caught on the steel piece which comes up a fraction above the wood." She sustained injuries and the jury found, under a charge free from error, that defendant was guilty of negligence, that she was not guilty of contributory negligence, and awarded her damages for her injuries.

I think there was sufficient evidence to have been submitted to the jury. In order that the defendant may be liable for negligence, it is not necessary that it could have contemplated, or even been able to anticipate the particular consequence which ensued or the precise injury sustained by plaintiff. It is sufficient if by the exercise of reasonable care the defendant might have foreseen that some injury would result from its act or omission or that consequences of a generally injurious nature might have been expected. It is said also that it is not required that the particular injury should be foreseen; it is sufficient if it could be reasonably anticipated that injury or harm might follow the wrongful act. *Hall v. Rinehart,* 192 N. C., 706.

Perhaps the blade of an ordinary knife is less than a sixteenth of an inch, yet it will cut. We have here on this record a piece of steel tacked on wooden steps, leaving a sharp edge, admittedly one-sixteenth of an inch above the floor, like a knife blade. The heel of the young girl's shoe caught on this sharp blade and she was thrown and seriously injured. I think it is a question of due care for the jury to determine under proper instructions, and not for this Court.

I can see no accident in the matter. It was a known cause, and from the known cause defendant could reasonably anticipate that injury might

follow. Then, again, from frequent use the steel piece becomes loose and more liable to have the shoe heel caught in it and the person thrown. All this was a matter involving due care for the jury and not a Court to decide. In this cause a learned and experienced judge in the court below thought the evidence sufficient to go to a jury and twelve jurors— selected under the law as men of intelligence and moral character— found the defendant guilty of negligence and the young girl free from blame.

The jury system is a coördinate and right arm of the court, to ascertain facts, and one of the few agencies left to pass on the rights of the average man. Defendant owed plaintiff the duty as an invitee to see that the sharp, knife-like steel was tacked down to the floor in such a manner that the steel piece or blade would not catch a shoe heel and throw a person. The steel tacked down would be firm and would naturally throw a person if the shoe heel caught. At least, all this is a question of due care for the jury and not this Court.

STACY, C. J., concurs in dissent.