SCHENCK, J., took no part in the consideration or decision of this case.
WINBORNE, J., dissents.
BARNHILL, J., dissenting.
Civil action to recover damages for personal injuries alleged to have been caused by the wrongful act, neglect or default of the defendant.
On the afternoon of 24 April, 1946, the plaintiff, a student at Meredith College, in company with two fellow students, attended the matinee screen show at the Ambassador Theatre in Raleigh. This theatre is owned and operated by the defendant.
After purchasing their tickets and upon entering the theatre, they were informed by an usher that no seats were available on the first floor and were directed by him to go to the balcony for seats. The plaintiff had never been in this part of the theatre before.
When the plaintiff and her companions reached the landing or platform back of the seats in the balcony, they stood for a moment to accustom their eyes to the darkened condition of the room. The picture was then being shown. There were no floor lights or seat lights in the aisle or on the steps, and no usher was on duty in the balcony. They saw three vacant seats about midway or five or six rows down from where *Page 327 
they were standing, and proceeded in single file along the aisle to take them. The plaintiff was last, her two companions going ahead of her. The steps going down from the platform were uneven in width — the succession being a narrow step then a wider step (which is the landing for that particular row of seats) followed by another narrow step and then a wider step, and so on.
Although the plaintiff was holding to the ends of the seats as she proceeded down the aisle, she slipped or stumbled and fell and was injured. Plaintiff says: "I thought I was on one of the big steps and started to turn and there was another small step and I slipped and fell. . . . There were no lights at all as I saw on the steps, nothing to give you any idea where you were going; no light to show the steps at all. . . . I was looking down where I was going at the time I fell. . . . I had overstepped that small step is what caused me to fall. . . . I knew the darkened condition of the theatre was for the purpose of carrying on the show. But all the movies I have been to had lights on the steps."
Due to the swollen condition of plaintiff's foot, she consulted a physician on the following day, and the X-ray showed a crack or incomplete fracture in the heel bone. The physician said that in his opinion no permanent disability would result from the injury although it might pain her for sometime.
From judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning error.
The question for decision is whether the evidence suffices to carry the case to the jury in the face of a demurrer. The trial court answered in the negative. We are inclined to a different view.
The proprietor or operator of a theatre who invites or induces patrons to enter therein is in duty bound to exercise ordinary care to keep the premises in a reasonably safe condition and "to give warning of hidden perils or unsafe conditions in so far as can be ascertained by reasonable inspection and supervision." Ross v. Drug Store, 225 N.C. 226,34 S.E.2d 64; Watkins v. Taylor Furnishing Co., 224 N.C. 674,31 S.E.2d 917; Benton v. Building Co., 223 N.C. 809, 28 S.E.2d 491;Mulford v. Hotel Co., 213 N.C. 603, 197 S.E. 169; Bowden v. Kress,198 N.C. 559, 152 S.E. 625; 52 Am. Jur., 295. True, the proprietor or operator is not an insurer of the safety of such patrons, or invitees, while on the premises. Leavister v. Piano Co.,185 N.C. 152, 116 S.E. 405; Bohannon v. Stores Co., 197 N.C. 755,150 S.E. 356. *Page 328 
In the instant case, however, we are dealing only with alleged tortious conduct and not with suretyship or insurance.
Many fine distinctions are to be found in the cases respecting the relative rights and duties of managers and patrons of motion-picture theatres, but in the end it all comes to a question of due care or commensurate care under the circumstances. The need for sufficient light to enable patrons to find or to leave their seats during the exhibition of a picture, and the need for sufficient darkness to exhibit it without eyestrain to those observing it, are factors to be considered in determining the correlative obligations and rights of the parties. Obviously what would be due care in a lighted room might not be commensurate care in a darkened theatre.
Here, the conjunction of the following facts would seem to call for the intervention of a jury: The plaintiff and her companions were directed by an usher on the first floor to go to the balcony for seats. They were unfamiliar with that part of the theatre. The picture was then being exhibited, and the balcony was in semidarkness. The steps in the aisle leading from the rear platform to the front of the balcony were uneven in width. There were no floor lights or seat lights in the aisle or on the steps. At least none were lighted. Plaintiff was accustomed to seeing such lights in darkened theatres. No usher was on duty in the balcony. Under these circumstances, the plaintiff overstepped one of the small steps in the aisle, stumbled and fell and was injured.
In a case arising out of a closely similar fact situation, the Appellate Division of the Supreme Court of New York reversed a judgment for the defendant and ordered the case submitted to a jury, the court holding that the plaintiff was not contributorily negligent as a matter of law in the light of the usher's direction that she proceed to the balcony for a seat,Rabinowitz v. Evergreen Amusement Corp., 244 N.Y. S., 43. See Schwartz v.International Vaudeville Co., 269 N.Y. S., 642; Note 98 A.L.R., 578; 52 Am. Jur., 300. We are constrained to follow a like course in the case at bar. 52 Am. Jur., 296; Anno. 143 A.L.R., 71.
Unless obviously dangerous, the conduct of a plaintiff which otherwise might be pronounced contributory negligence as a matter of law would be deprived of its character as such, if done at the direction of the defendant or its agent. Johnson v. R. R., 130 N.C. 488, 41 S.E. 794;Lambeth v. R. R., 66 N.C. 494. Here, the plaintiff and her companions were directed by defendant's agent to go to the balcony for seats. In following this direction, plaintiff was injured. The case is one for the jury.
Reversed.
SCHENCK, J., took no part in the consideration or decision of this case.
WINBORNE, J., dissents. *Page 329