KATHRYN PATTERSON v. CITY OF LEXINGTON AND LEXINGTON BASEBALL CLUB COMPANY.

(Filed 15 December, 1948.)

**1. Negligence § 4f (2)—**

Where a grass covered bank or ramp is customarily or frequently used by spectators at a baseball park, persons so using the ramp are invitees of the operators.

**2. Same—**

The operators of a baseball park are under duty to their patrons to exercise due care to prevent injury which reasonably could have been foreseen, and to give warning of hidden perils or unsafe conditions ascertainable by reasonable inspection.

**3. Negligence § 4e—**

Plaintiff was injured while leaving her seat on a grass covered bank or ramp in a baseball park, by a route other than the one she used in going to her seat, when she stepped into a hole some two inches deep and eight or ten inches long or stepped on a soft drink bottle or rock, and fell to her injury. *Held:* The operators of the park could not be expected to maintain the embankment free from roughness or unevenness or slight depressions and nonsuit was properly entered in her action against the proprietors.

APPEAL by plaintiff from *Edmundson, Special Judge,* February Term, 1948, of DAVIDSON. Affirmed.

This was an action to recover damages for a personal injury sustained by plaintiff while attending a baseball game in the park owned by the

City of Lexington and used by the defendant Lexington Baseball Club. A fall resulted in the breaking of a bone in plaintiff's leg. Negligence on the part of both defendants was alleged.

The City leased the park to the Baseball Club and agreed to "maintain said premises and baseball park in such condition as may be necessary for the playing of baseball and the training of players," but the defendant Baseball Club was "to have complete control of said premises and park between March 1st and September 15th of each year."

The plaintiff frequently attended games in this park, and was there on the night of 6 September, 1947, in company with some members of her family. They arrived at the park late and found all seats in the grand-stand and bleachers filled. Thereupon plaintiff followed the crowd along a path to an embankment or ramp beyond the bleachers and parallel with the third base-line. There she seated herself on a Coca-Cola crate and watched the game. The park and every part of it was well lighted. This embankment was grass-covered, and sloped upward from the playing field. It was 15 or 20 feet high at the back and extended to the park fence. She was seated near the top of the bank. She testified that after the game she started down the bank moving "kind of sideways," and when within 3 feet of the bottom "my foot went in this hole or something. I don't know what it was, whether it was a rock or bottle. It turned my foot and I fell over about three times. My left foot went into the hole. The ground was rough so that I was being careful coming down. I didn't see a thing where I put my left foot. I know there was a hole or something. I didn't see a hole, but the grass was so high I couldn't see it." Another witness observed a hole or depression near where plaintiff fell some 2 inches deep and 8 or 10 inches long. It appeared that customarily some spectators at ball games sat on this bank. The grass was allowed to grow on the bank to prevent erosion, and was mowed from time to time by the City.

At the conclusion of all the evidence the renewed motion of the defendants for judgment of nonsuit was allowed, and plaintiff excepted and appealed.

D. L. Pickard and Charles W. Mauze for plaintiff, appellant.
Hubert E. Olive for defendant City of Lexington, appellee.
Phillips & Bower for defendant Lexington Baseball Company, appellee.

DEVIN, J.  The fact that the grass-covered bank or ramp on which plaintiff was seated as she watched the baseball game was customarily or frequently used by spectators for this purpose was sufficient to impose upon the defendants a duty to exercise ordinary care for the prevention of injury to those whom it invited and who chose to sit on this bank, but we

think the evidence here fails to disclose negligent breach of such duty proximately causing the injury complained of by the plaintiff.

Baseball is an outdoor game. Those who operated a park appropriate for playing this game for the entertainment of spectators, as shown by the evidence in this case, would not be expected to maintain the grass-covered slopes of an embankment on which some spectators chose to sit entirely free from roughness or unevenness or slight depressions. Defendants were not insurers of the safety of those who entered their park but were only held to the obligation of exercising due care to prevent injury which reasonably could have been foreseen and to give warning of hidden perils or unsafe conditions ascertainable by reasonable inspection. *Bowden v. Kress,* 198 N. C. 559, 152 S. E. 625; *Williams v. Stores Co., Inc.,* 209 N. C. 591, 184 S. E. 496; *Anderson v. Amusement Co.,* 213 N. C. 130, 195 S. E. 386; *Watkins v. Furnishing Co.,* 224 N. C. 674, 31 S. E. (2) 917; *Drumwright v. Theatres, Inc.,* 228 N. C. 328, 45 S. E. (2) 379; *Hahn v. Perkins,* 228 N. C. 727, 46 S. E. (2) 854; 38 A. J. 754. Plaintiff thinks it was a hole which caused her foot to turn, though she was not sure, or probably it might have been a rock or an empty Coca-Cola bottle which had been tossed aside by some spectator, or, as suggested by defendants, a dent or depression caused by the heels of some sitter on the sloping bank. The determination of the exact cause of her fall thus involves an element of speculation. *Hahn v. Perkins, supra.* No complaint is made that the defendants failed to provide ushers to conduct persons to or from seats on this bank, as apparently none were needed, nor is it alleged there were insufficient lights. *Drumwright v. Theaters, Inc., supra.* Plaintiff found her way safely along a path and to the place where she chose to sit but she did not return the same way. *Burns v. Charlotte,* 210 N. C. 48, 185 S. E. 443; *Walker v. Wilson,* 222 N. C. 66, 21 S. E. (2) 817.

Whether in any event the City of Lexington as lessor of the park, under the terms of the lease, could be held liable for negligence in causing or permitting on this bank a hole or depression, such as the plaintiff has described, need not be determined, as we think the plaintiff has failed to make out a case of actionable negligence.

The judgment of nonsuit is

Affirmed.