JAMES A. MULKERN *vs.* EASTERN STEAMSHIP LINES, INC. November 8, 1940. Exceptions overruled. The plaintiff seeks in this action to recover compensation for personal injuries sustained as a result of his slipping on the defendant's premises. There was a verdict for the defendant. The plaintiff's only exception is to the following statement in the charge to the jury: ". . . the defendant would not be liable for an obvious defect if he [the plaintiff] was an invitee. And by 'obvious defect' I mean a defect that is

·clearly apparent to a person of ordinary observation. It would not be expected to be liable for obvious defects. . . ." This statement must be considered in the light of the evidence in the case, and of the charge as a whole, in which the judge referred to the duty of the defendant to the plaintiff, if he was an "invitee," to keep the premises in a reasonably safe condition. So considered the charge was sufficiently favorable to the plaintiff, in conformity to the principle that the duty owed by the owner of premises to an invitee or business visitor, in circumstances such as are disclosed by the evidence, would be performed by giving adequate warning of the dangerous condition of the premises, but that there is no duty even to warn if the dangerous condition is "obvious to any ordinarily intelligent person." *McGuire* v. *Valley Arena Inc.* 299 Mass. 351, 352, and cases cited. See also *Kelley* v. *Goldberg*, 288 Mass. 79, 81; *Rynn* v. *Fox-New England Theatres, Inc.* 299 Mass. 258, 259, 260; *Bannister* v. *Berkshire Street Railway*, 301 Mass. 598, 601.

*D. A. Foley*, for the plaintiff.
*A. J. Santry*, for the defendant.