LOWELL C. PERRY, JR., by His Next Friend, MAE H. PERRY, v. L. L. HERRIN and C. W. HERRIN, Trading and Doing Business as HERRIN BROTHERS COAL & ICE CO.

(Filed 21 November, 1945.)

**1. Negligence §§ 5, 19a—**

In an action by plaintiff, a minor 17 years of age, through his next friend, to recover damages for injuries, alleged to be the result of negligence by defendants, where all of plaintiff's evidence tended to show that the ice-scoring machine, involved as the cause of the injuries, was of standard make and kind used by ice companies at the time of the accident, was properly installed in the usual and customary way, and had all the guards and safety devices usual and customary and in general use on standard machines of the kind at that time, the machine being in good order and, while operated by a boy only 15 years old, there was no evidence that he was an incompetent operator or that the manner of operating the machine was the proximate cause of the injuries, and the only evidence as to the accident being that plaintiff fell, without knowing how or why, into the machine and injured his arm, there was no error in sustaining a judgment as of nonsuit, G. S., 1-183, at the close of all plaintiff's evidence.

**2. Negligence § 3—**

There is no duty resting on defendant to warn the plaintiff of a dangerous condition, provided the dangerous condition is obvious.

BARNHILL and WINBORNE, JJ., concur in result.

APPEAL by plaintiff from *Phillips, J.,* at June Term, 1945, of MECK-LENBURG.

The action is by a 17-year-old plaintiff, by his next friend, to recover damages for personal injuries proximately caused by the alleged negligence of the defendants in improperly locating an ice-scoring machine on a comparatively narrow platform, and failing to isolate said machine or to protect it in such a way as to properly guard the safety of persons using said platform, failing to enclose or safeguard or shield the saws in said machine, failing to keep and maintain the floor of said platform in a reasonably safe condition by allowing said floor to become and remain in wet, slick and slippery condition, and although this condition was known to defendants, allowing it to so remain in close access to children notwithstanding the dangerous condition thereof, leaving the operation of said machine to a young and inexperienced boy, and failing to equip said scoring machine with appliances which were in known, approved and general use. There was denial of liability by the defendants, and when plaintiff had introduced his evidence and rested his case the defendants moved for a judgment as in case of nonsuit (G. S., 1-183),

which motion was allowed, and from judgment predicated on such ruling the plaintiff appealed, assigning errors.

*Ralph V. Kidd, John M. Robinson, and Hunter M. Jones for plaintiff, appellant.*
*Helms & Mulliss for defendants, appellees.*

SCHENCK, J.   On a careful consideration of the evidence we are of the opinion that no liability has been established against the defendants and that their motion for judgment as in case of nonsuit was properly allowed.

Since we are of the opinion that there is no evidence of negligence on the part of the defendants, we find it unnecessary to discuss the question suggested in the briefs as to whether the plaintiff was an invitee or a mere licensee, since in either event there was placed on the plaintiff the burden of showing at least some negligence on the part of the defendants.

According to the evidence, all of which was introduced by the plaintiff, the ice-scoring machine involved was of standard make and the kind customarily used by ice companies at the time of the alleged accident, 9 July, 1944, and was properly installed in the usual and customary way, and had the guards which were customarily manufactured and sold on such machines, and had all the guards and safety devices as were usual and customary; the guards over the saws, over the chains, and over the gears were all the guards and safety features that were in general use on standard machines on the date of the accident, and such machines were customarily operated on platforms, and this machine was in good working order.   The only evidence as to how the accident actually occurred is the testimony of the plaintiff himself, who testified: "I must have lost my balance and fell.   That's the only way I can figure it out. I don't know how I fell or anything. . . . Well I fell into the machine. My left arm got into the machine."   While there is evidence that Marshall Herrin, who was operating the machine, was a boy about 15 or 16 years of age, there is no evidence that he was an incompetent operator or that the manner in which he operated the machine was not proper or was the proximate cause of the plaintiff's injury.

If any dangerous conditions existed in connection with the platform, or the ice-scoring machine, such conditions were obvious, and not latent, and the plaintiff was thoroughly familiar with the situation, and the defendants were not charged with the duty of warning the plaintiff thereof.

"Where a condition of premises is obvious to any ordinarily intelligent person, generally there is no duty on the part of the owner of the premises to warn of that condition.   *Sterns v. Highland Hotel Co.,* 307 Mass.,

90, 29 N. E. (2d), 721. There is no duty resting on the defendant·to warn the plaintiff of a dangerous condition provided the dangerous condition is obvious. *Mulkern v. Eastern S. S. Lines,* 307 Mass., 609, 29 N. E. (2d), 919." *Benton v. United Bank Building Company,* 223 N. C., 809, 28 S. E. (2d), 491.

The judgment of nonsuit is correct.

Affirmed.

BARNHILL and WINBORNE, JJ., concur in result.