82 S.E.2d 365 (1954)
240 N.C. 391
REESE
v.
PIEDMONT, Inc.
No. 666.
Supreme Court of North Carolina.
June 4, 1954.
*367 Falk, Carruthers & Roth, Greensboro, for plaintiff-appellant.
Jordan & Wright, Perry C. Henson, Greensboro, for defendant-appellee.
PARKER, Justice.
The mere fact that plaintiff fell and suffered injuries in leaving the rest room when she stepped from the higher to the lower level of the floor of the rest room raises no inference of negligence against the defendant. Fanelty v. Rogers Jewelers, Inc., 230 N.C. 694, 55 S.E.2d 493; Harris v. Montgomery Ward & Co., 230 N.C. 485, 53 S.E.2d 536; Fox v. Great Atlantic & Pacific Tea Co., 209 N.C. 115, 182 S.E. 662; Parker v. Great Atlantic & Pacific Tea Co., 201 N.C. 691, 161 S.E. 209; Bowden v. S. H. Kress & Co., 198 N.C. 559, 152 S.E. 625.
The defendant was not an insurer of her safety while using the rest room. Barnes v. Hotel O. Henry Corp., 229 N.C. 730, 51 S.E.2d 180; Bowden v. S. H. Kress *368 &Co., supra; Bohannon v. Leonard-Fitzpatrick-Mueller Stores Co., 197 N.C. 755, 150 S.E. 356.
It was the legal duty of the defendant to exercise ordinary care to keep the rest room in a reasonably safe condition for the use of the doctors' patients entering or leaving the rest room, and to warn them of hidden perils or unsafe conditions in entering or leaving, known to it, or ascertainable by it through reasonable inspection and supervision. Fanelty v. Rogers Jewelers, Inc., supra; Drumwright v. North Carolina Theatres, Inc., 228 N.C. 325, 45 S.E.2d 379.
We said in Benton v. United Bank Building Co., 223 N.C. 809, 28 S.E.2d 491, 493: "Any danger incident to the difference in the levels of the two floors necessitating the step down being obvious to one who looked, there was no duty resting upon the defendants to give notice thereof. The law imposes no duty upon one to give notice of a dangerous condition to another who has eyes to see and an unobstructed view of such condition, but fails to take time to see such danger. Generally, in the absence of some unusual condition, the employment of a step by the owner of a building because of a difference between levels is not a violation of any duty to invitees. Where a condition of premises is obvious to any ordinarily intelligent person, generally there is no duty on the part of the owner of the premises to warn of that condition. Sterns v. Highland Hotel Co., 307 Mass. 90, 29 N.E.2d 721. There is no duty resting on the defendant to warn the plaintiff of a dangerous condition provided the dangerous condition is obvious. Mulkern v. Eastern S. S. Lines, 307 Mass. 609, 29 N.E.2d 919."
"Different floor levels in private and public buildings, connected by steps, are so common that the possibility of their presence is anticipated by prudent persons. The construction is not negligent unless, by its character, location or surrounding conditions, a reasonably prudent person would not be likely to expect a step or see it." Garret v. W. S. Butterfield Theatres, Inc., 261 Mich. 262, 246 N.W. 57, 58. To the same effect see Boyle v. Preketes, 262 Mick. 629, 247 N.W. 763; Dickson v. Emporium Mercantile Co., Inc., 193 Minn. 629, 259 N.W. 375; Cleary v. Meyer Bros., 114 N.J.L. 120, 176 A. 187; Haddon v. Snellenburg, 293 Pa. 333, 143 A. 8; Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366.
Plaintiff's counsel candidly state in their brief: "This Court has frequently held that the mere existence of a step in a public place is not evidence of negligence." However, plaintiff contends the real significance of her case lies in the conjunction of all the facts and circumstances tending to show negligence on defendant's part. Plaintiff argues: (1) The step down was unexpected; (2) the floor and walls on both levels were uniformly of the same color and materials; (3) the rubber mat did not cover the entire lower level, and did not indicate a step; (4) the upright part of the marble rising of the step did not connote a step; (5) there were no warning signs; (6) the room was inadequately lighted.
The plaintiff contends uniformity in colors and materials on two different levels has a camouflaging effect, and cites in support of her position. Mulford v. Cotton States Hotel Co., 213 N.C. 603, 197 S.E. 169; Touhy v. Owl Drug Co., 6 Cal.App.2d 64, 44 P.2d 405 and Crouse v. Stacy-Trent Co., 110 N.J.L. 124, 164 A. 294.
The facts in the Mulford case are completely different. The plaintiff came out of a brilliantly lighted room into a dimly lighted basement. In that case the defendant's negligence was admitted. Here it is denied. In reference to plaintiff's contention, Seawell, J., in the opinion said in substance, flat surfaces, under lighting conditions, may present an appearance of continuity.
The Touhy case was decided by a district court of appeals. In the Touhy case and in the Crouse case there was uniformity of materials and colors on the different floor levels. In the instant case plaintiff's evidence shows there was a large black rubber mat covering most of the floor of the lower *369 level, and there was black and white tiling on the upper level. Uniformity of colors was not present as in the Touhy and Crouse cases.
There were three light fixtures in the room and a window at the back. Plaintiff fell in the morning. According to her evidence it was a bright, sunny day and some daylight came through the window. The light over the toilet stalls was burning. The light over the step was not, although there was a light bulb in the socket. There is no evidence as to whether this light was turned on or off, or whether it had burned out. If it had burned out, there is no evidence, as to when it did, other than the testimony of Mrs. Gartland that she was in the rest room immediately before plaintiff fell, and this light was not burning. The light fixture on the wall near the wash basin had no light bulb, but there is no evidence as to how long this condition existed. Plaintiff's evidence shows the rest room was for the use of the doctors on the second floor and their patients. It is common knowledge that light bulbs burn out unexpectedly and frequently. There is no evidence that defendant caused the fixture near the wash basin to have no light bulb, or the condition that the light bulb over the step was not lighted. Upon plaintiff's evidence the defendant cannot be charged with express or implied notice of such condition. Pratt v. Great Atlantic & Pacific Tea Co., 218 N.C. 732, 12 S.E.2d 242; Revis v. Orr, 234 N.C. 158, 66 S.E.2d 652, 28 A.L.R.2d 609.
Plaintiff entered the rest room in the morning. No wax, water, oil, trash or debris were on the floor. There were no defects in the top of the step or in the floor. On the lower floor level was a large black rubber mat covering a large part of the area, about 4 inches from the entrance and extending to within about 2 inches of the step. The riser was of marble. The upper level had black and white tiling. 3 feet, 8 inches from the entrance door was a step 7¾ inches high. The conclusion is unescapable that she was aware of the step, and stepped up to the higher floor level, for if she had not, she would have fallen or stumbled over the step going in. The step was obvious. She had eyes to see. Her safe passage from the entrance of the rest room to the toilet is an indubitable fact. In leaving she testified she looked down, and the light was so poor she couldn't see very well, and did not observe any change in the floor level. She looked at the door, walked on, and fell at the step-down to the lower level. The situation contained no element of a trap or hidden peril. Plaintiff had been in this dimly lighted, as she contends, rest room for 10 or 15 minutes. Her eyes had been adjusted to the light there. The facts speak louder than the words of the witness that there was enough light for her to see the stepdown, if she had looked, for there was light enough for her to see and step up 7¾ inches to the higher floor level in entering. The defendant is not under a legal duty to prevent persons inattentive to their safety from hurting themselves. Considering the evidence most favorably for the plaintiff, we think the defendant was not negligent on the evidence before us. This does not conflict with Drumwright v. North Carolina Theatres, Inc., supra, relied upon by plaintiff, because in that case the Court said [228 N.C. 325, 45 S.E.2d 380]: "There were no floor lights or seat lights in the aisle or on the steps. At least none were lighted."
The fact that Dr. Walker's nurse testified for the defendant that she assisted plaintiff into the rest room and back to the toilet, holding her by the arm does not change our opinion. Plaintiff contends that if the nurse's testimony is more favorable to the plaintiff, (even though it is in flat contradiction to hers) it must be accepted on the motion for nonsuit. We do not consider the nurse's testimony more favorable to plaintiff on the question of defendant's negligence, for even according to that testimony plaintiff must have known of the 7¾ inch step-up to the higher floor level, as she did not stumble or fall over it.
The plaintiff contends that the trial court erred in excluding evidence that the condition of the lighting in the ladies' rest room *370 existed for two days after plaintiff fell in the same condition as the day she fell, and that four days after plaintiff fell the light over the step was burning. The plaintiff contends that (1) it corroborates her testimony, (2) has a definite bearing on the regularity of inspection, and (3) on the assiduity of maintenance.
The exclusion of this evidence in so far as it corroborates plaintiff's testimony was harmless, for on a motion for nonsuit we accept the plaintiff's evidence as true.
Plaintiff has cited no authority for her contention that the excluded evidence has a definite bearing on the regularity of inspection and the assiduity of maintenance. It is unnecessary for us to pass upon this question, for we deem the exclusion of this evidence harmless in this case, because there was light enough from the light burning and the window for plaintiff not to fall or stumble over the step when she entered, and went to the toilet.
Plaintiff contends that the trial court erred in excluding the testimony of H. C. Umfleet that in 1948 and 1949 he was maintenance manager in the Piedmont Hospital or Piedmont Building; that he was employed by J. J. Jones, who was building manager; that the condition of the rest room the day plaintiff fell was the same as in 1948 and 1949, except that all three lights in the room in those years were burning; and that while Umfleet worked there he recommended to Jones that a sign be placed on the inside of the room to warn people there was a step-down when leaving, because he recognized it was dangerous, and it was very easy for someone to fall and get hurt. Afterwards Jones told him his recommendation was being considered, but no sign, as he recommended, was placed. Umfleet testified Jones worked for the Board of Directors of the hospital, and so far as he knew the Board of Directors for the hospital was the same as the Board of Directors for the whole building, but he might be wrong.
Plaintiff's counsel in their brief state: "This testimony is admittedly not competent to prove that the rest room presented a dangerous condition; but it is certainly competent to prove that if the rest room presented a dangerous condition, the defendant had notice of this fact."
It is very doubtful if plaintiff's evidence tends to show that Jones was an employee of the defendant. Conceding, but not deciding, that he was, we think that the rest room did not present a dangerous condition. Benton v. United Bank Building Co., supra; Garret v. W. S. Butterfield Theatres, Inc., supra. Therefore, it would appear from statement in brief of plaintiff's counsel quoted above, the evidence was properly excluded. The cases relied upon by plaintiff are distinguishable.
The judgment of nonsuit is correct.
Affirmed.