MRS. LASENIA MURCHISON v. WASHINGTON TERRACE APARTMENTS, INCORPORATED, A CORPORATION.

(Filed 21 November, 1956.)

**Landlord and Tenant § 11—**

> In an action against a corporation maintaining apartments with adjacent streets and sidewalks, evidence that plaintiff, in walking from the street along a sidewalk to an apartment, tripped at the slight elevation of the sidewalk and fell to her injury, is insufficient to be submitted to the jury on the issue of negligence, since the construction of a sidewalk some inch or two above the street level is customary.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Hobgood, J.*, first April 1956 Term of WAKE.

Plaintiff seeks to recover damages resulting from a fall on the premises of defendant. She alleges that defendant owned and operated in excess of two hundred apartments in the area in Raleigh known as Washington Terrace Apartments, one of which was occupied by plaintiff. She alleges that defendant had constructed and maintained streets and sidewalks within the apartment area for the use and convenience of the occupants of the apartments. She further alleges that on the night of 1 December, 1954, she visited her sister, and when returning

home via "A" Street, one of the streets maintained by defendant for the benefit of its tenants and their guests, she "proceeded across said 'A' Street and reached the north side of the same at a point where one of defendant's sidewalks abuts on said 'A' Street, she stepped up to proceed on the sidewalk, but tripped and fell on same because of a protrusion or raised portion of said sidewalk, as it adjoined 'A' Street. That in falling plaintiff struck her left hand upon a sharp glass jar lying upon said sidewalk and thereby seriously and permanently injured her left hand and arm . . ." She alleges that defendant negligently permitted the sidewalk to become and remain in an unsafe and dangerous condition, and with knowledge of this condition failed to repair it.

At the conclusion of plaintiff's evidence, defendant's motion for nonsuit was allowed. Plaintiff appealed.

*E. A. Solomon, Jr., and Mordecai, Mills & Parker for plaintiff appellant.*
*Ruark, Young & Moore for defendant appellee.*

PER CURIAM. The evidence shows that "A" Street is paved to a width of ten feet. There are no sidewalks paralleling the street, but there are sidewalks leading from the street to the various apartment houses. Where plaintiff fell, the sidewalk is approximately one and one-half inches higher than "A" Street. Plaintiff describes her fall and its cause thus: "I went out of the back door of my sister's house, with my four-year-old son on my left and I was holding his hand with my left hand—went through her back yard—when I got to 'A' Street, I turned to my left and went about 60 feet before I was to turn to go on toward home. I attempted to turn on A Street to go up the sidewalk that leads to apartments A-11 and A-12, and just as I entered the sidewalk, I stepped on the sidewalk with my left foot and my right foot tripped on a raised portion of the sidewalk, and I fell about 2 or 3 feet up the sidewalk and fell on this glass and cut my hand very seriously."

To elevate a sidewalk an inch or two above the street is almost universally done. Such method of construction does not indicate negligence. That plaintiff should, in stepping from the street to the sidewalk, stumble and fall because the sidewalk was an inch or two higher than the street does not indicate that defendant was in any wise negligent. That plaintiff, in falling, should cut her hand is unfortunate but cannot impose any responsibility on the defendant. Plaintiff offered no evidence tending to show when or how the glass on which she cut her hand got there. The judgment is

Affirmed.

JOHNSON, J., not sitting.