J. D. LITTLE v. WILSON OIL CORPORATION AND
S. W. WORTHINGTON, JR.

(Filed 25 March, 1959.)

**1. Negligence § 4f(1)—**

A person on the premises of a service station as a customer is an invitee.

**egligence § 4f(2)—**

Proprietors owe the duty to an invitee to exercise ordinary care for

his safety, to keep the premises in a reasonably safe condition for use according to the the invitation, and to give warning of hidden dangers or unsafe conditions attendant on the contemplated use, which are known to the proprietors or should have been known by them in the exercise of reasonable inspection and supervision.

**3. Same—**

In an action by an invitee to recover for a fall, allegations that defendant proprietors were negligent in not providing a safe means of entering and leaving the premises, and that this dangerous situation had existed for a long time, are mere legal inferences or conclusions of law not admitted by demurrer.

**4. Pleadings § 15—**

A demurrer admits the truth of factual averments well stated, and such inferences as may be legitimately deduced therefrom.

**5. Same—**

Upon demurrer, a pleading must be liberally construed with a view to substantial justice between the parties, giving the pleader the benefit of every reasonable intendment in his favor. G. S. 1-151.

**6. Negligence § 4f(2)— Allegations held insufficient to allege negligence on part of filling station proprietors causing fall to invitee.**

Plaintiff's allegations were to the effect that defendants' gasoline filling station was constructed with a concrete slab extending from the pumps to within a distance of about six feet from the door of the station, that the area around the concrete slab was paved with asphalt, that at certain points the asphalt had sunk or deteriorated, leaving a sharp edge of the concrete slab protruding above the asphalt some one and three quarters inches, that this condition was known to defendants or should have been known by them, that they gave no warning to plaintiff, and that plaintiff, in returning from the filling station building to his car, had to walk around an automobile parked near the entrance, which blocked his view, and tripped and fell over the edge of the concrete. *Held:* Defendants' demurrer was properly sustained, since the elevation of the concrete slab was plainly obvious and did not constitute a hidden danger of which defendants were under duty to give notice, and the fact that the concrete slab protruded such distance above the asphalt does not indicate negligence.

APPEAL by plaintiff from *Morris, J.,* December Civil Term 1958 of WILSON.

Civil action to recover damages resulting from a fall on defendants' premises, heard upon a demurrer to an amended complaint.

From a judgment sustaining the demurrer plaintiff appeals.

*Robert A. Farris and Lamb, Lamb & Daughtridge for plaintiff, appellant.*
*Gardner, Connor & Lee for defendants, appellees.*

PARKER, J.   A demurrer was sustained to the original complaint. Whereupon, the plaintiff filed an amended complaint. Defendants again demurred upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action, and that it showed upon its face that plaintiff was guilty of contributory negligence as a matter of law. Judge Morris sustained the demurrer to the amended complaint, but his order does not state the ground upon which he based his decision.

This is a summary of the material allegations of the amended complaint: The defendant Worthington owns a service station in the City of Wilson, which he leased to defendant Wilson Oil Corporation. Both defendants were in charge of the service station, and had supervision and control of it.

At 9:30 a. m. on 6 December 1956 plaintiff as an invitee drove his automobile on the premises of the service station to purchase gasoline and other items sold there. There was situated upon the premises in the space between the gasoline pumps and the service station building a concrete slab extending from the gasoline pumps to within a distance of about six feet from the front door of the building. From this point the area was paved with asphalt to the service station building's entrance.

While an attendant was putting gasoline into plaintiff's automobile, plaintiff entered the service station to buy a Coca-Cola and a package of crackers. When plaintiff was in the service station, the attendant urgently called him to assist in the servicing of his automobile. In response to the call plaintiff started walking to his automobile. To reach it he was compelled to walk around another automobile parked near the entrance of the service station, which blocked his view of the concrete slab. Immediately after walking around this other parked automobile plaintiff was tripped up by the edge of the concrete slab, which unknown to him, protruded about one and three quarters inches above the asphalt at that point, and fell sustaining injuries.

The defendants were negligent in not providing a safe means of entering and leaving the premises; in allowing a dangerous situation to exist in that the concrete slab was surrounded by asphalt, which at certain points had sunk or deteriorated, leaving a sharp edge of the concrete slab above the asphalt, and this condition was known to the defendants, or should have been known to them by the exercise of due care; in giving no warning of such dangerous condition; and that this dangerous condition had existed for a long time in spite of injuries suffered by other people on the premises.

Plaintiff was on the premises of the service station as a customer. This made him an invitee. *Standard Oil Co. v. Gentry,* 241 Ala. 62, 1 So. 2d 29; *Standard Oil Co. v. Burleson,* 117 F. 2d 412; *Vanderdoes v. Rumore,* La. App., 2 So. 2d 284. See *Sledge v. Wagoner,* 248 N.C. 631, 104 S.E. 2d 195; *Lee v. Green & Co.,* 236 N.C. 83, 72 S.E. 2d 33.

Therefore, the defendants who were in charge of the service station and had supervision and control over it, while not insurers of his safety when using the premises, owed him the duty of exercising reasonable or ordinary care for his safety, and to keep the premises in a reasonably safe condition for use by him according to the invitation, and to give warning of hidden dangers or unsafe conditions attendant on his use, known to them, or which by reasonable inspection and supervision might have been known by them. *Standard Oil Co. v. Gentry, supra; Standard Oil Co. v. Burleson, supra; Flynn v. Cities Service Refining Co.,* 306 Mass. 302, 28 N.E. 2d 453; *Reynolds v. Skelly Oil Co.,* 227 Iowa 163, 287 N.W. 823; *Champlin Refining Co. v. Walker,* 113 F. 2d 844; 61 C.J.S., Motor Vehicles, p. 940; 65 C.J.S., Negligence, pp. 526-532; 24 Am. Jur., Gasoline Stations, Section 20; Annotation 116 A.L.R. pp. 1205-1206.

This Court in many cases involving other buildings than service stations has stated in language substantially similar to the above the duty owed by owners, occupants, or persons in charge of premises to invitees thereon. *Sledge v. Wagoner, supra; Lee v. Green & Co., supra; Fanelty v. Rogers Jewelers, Inc.,* 230 N.C. 694, 55 S.E. 2d 493; *Ross v. Drug Store,* 225 N.C. 226, 34 S.E. 2d 64; *Watkins v. Furnishing Co.,* 224 N.C. 674, 31 S.E. 2d 917; *Bohannon v. Stores Company, Inc.,* 197 N.C. 755, 150 S.E. 356.

The allegations in the amended complaint that the defendants were negligent in not providing a safe means of entering and leaving the premises, and that this dangerous situation had existed for a long time are merely legal inferences or conclusions of law asserted by the plaintiff, and are not admitted as true by the demurrer. *Hedrick v. Graham,* 245 N.C. 249, 96 S.E. 2d 129; *McKinney v. High Point,* 237 N.C. 66, 74 S.E. 2d 440.

On the demurrer we take the case as alleged by the amended complaint. The demurrer admits the truth of factual averments well stated, and such relevant inferences as may be legitimately deduced therefrom. And in passing on the demurrer we are required to construe the amended complaint liberally with a view to substantial justice between the parties and to make every reasonable intendment in favor of the pleader. G.S. 1-151; *Hedrick v. Graham, supra.* The ultimate facts asserted by the pleader as to the alleged negligence are

these: There was situated upon the premises in the space between the gasoline pumps and the service station building a concrete slab extending from the gasoline pumps to within a distance of about six feet from the front door of the building. The area from the concrete slab to the service station building was paved with asphalt. The edge of this concrete slab unknown to plaintiff protruded about one and three quarters inches above the asphalt at the point where he tripped over it, and fell. The concrete slab was surrounded by asphalt, which had sunk or deteriorated, leaving a sharp edge of the concrete slab above the asphalt, and this was known by the defendants, or should have been known to them by the exercise of due care. The defendants gave him no warning of such condition. A parked automobile near the entrance of the filling station blocked his view of the concrete slab when he left the service station building to assist an attendant in servicing his automobile. In walking to his automobile, he tripped over the concrete and fell.

The concrete slab at the gasoline pumps, standing whether due to the original construction or by sinking and deterioration of the surrounding asphalt about one and three quarters inches above the asphalt, was obvious to any ordinarily intelligent person using his eyes in an ordinary manner. If plaintiff had not seen this concrete slab before, when he walked around the automobile parked near the entrance of the service station building, the concrete slab was there at 9:30 a. m. in plain view and perfectly obvious to him. No unusual conditions existed. At the time and place the concrete slab did not constitute a hidden danger or an unsafe condition to plaintiff, an invitee, using the premises. The law imposes no duty upon the defendants to give notice of the concrete slab, which was plainly obvious to any ordinarily intelligent person using his eyes in an ordinary manner, to plaintiff who had eyes to see and an unobstructed view of the concrete slab when he walked around the parked automobile, but failed to take time to see the concrete slab. *Reese v. Piedmont, Inc.,* 240 N.C. 391, 82 S.E. 2d 365; *Benton v. Building Co.,* 223 N.C. 809, 28 S.E. 2d 491; *Flynn v. Cities Service Refining Co., supra; Sterns v. Highland Hotel Co.,* 307 Mass. 90, 29 N.E. 2d 721; *Mulkern v. Eastern S. S. Lines,* 307 Mass. 609, 29 N.E. 2d 919.

In *Murchison v. Apartments,* 245 N.C. 72, 95 S.E. 2d 133, plaintiff occupied an apartment in an area with over 200 apartments owned and operated by defendant. Plaintiff testified: "I attempted to turn on A Street to go up the sidewalk that leads to Apartments A-11 and A-12, and just as I entered the sidewalk, I stepped on the sidewalk with my left foot and my right foot tripped on a raised portion

of the sidewalk, and I fell." The Court said: "To elevate a sidewalk an inch or two above the street is almost universally done. Such method of construction does not indicate negligence. That plaintiff should, in stepping from the street to the sidewalk, stumble and fall because the sidewalk was an inch or two higher than the street does not indicate that defendant was in any wise negligent."

In *Benton v. Building Co., supra,* plaintiff's evidence showed that the store of one defendant was in the building of the other defendant, and opened off the lobby of the building through a plate glass door by a step down; that there was no lack of light, either in the lobby or store. Plaintiff fell and was injured as she went through the door from the lobby into the store, although she could have seen the step down had she taken time to look as she opened the door. A judgment of nonsuit below was affirmed. See also *Reese v. Piedmont, Inc., supra.*

*Sledge v. Wagoner, supra,* relied on by plaintiff, is distinguishable. The wire protruding some four inches from the floor and one-half inch from a wire rod magazine rack, which was standing against the wall not over four inches from the door facing, caught plaintiff's trousers and caused him to fall. The Court in its opinion speaks of this as "in the nature of a hidden peril."

*Lee v. Green & Co., supra,* and *Coston v. Hotel,* 231 N.C. 546, 57 S.E. 2d 793, also cited by plaintiff in his brief, are distinguishable. In the *Lee* case, plaintiff, a customer in a store, fell in an aisle of the store slick with excessive grease or oil, with greater accumulations of grease or oil at some places than at others. In the *Coston* case, plaintiff, a patron at the hotel, tripped over an electric wire or cord extended along the floor, and leading to a desk lamp. *Bemont v. Isenhour,* 249 N.C. 106, 105 S.E. 2d 431, is also distinguishable. In this case the Court said: "The defect cannot be said to have been readily visible and obvious."

The allegations of the amended complaint as to the construction, situation and circumstances of the concrete slab over which plaintiff tripped and fell, liberally construed, do not make out a case of actionable negligence against the defendants.

The judgment sustaining the demurrer is
Affirmed.