STATE OF NORTH CAROLINA v. ORIEN CHALMERS POTTER

No. 833SC1151

(Filed 19 June 1984)

**Criminal Law §§ 86.3, 102.7— improper cross-examination of defendant about prior crime—improper jury argument—new trial**

In a prosecution for assault with a firearm on two wildlife officers, defendant was entitled to a new trial because of (1) the prosecutor's improper cross-examination of defendant about the details of a prior assault to which defendant had pled guilty and about whether defendant had paid the victim $45,000 as a result of the assault and (2) the prosecutor's improper jury argument that the two wildlife officers could be prosecuted for perjury, fired from their jobs and lose their retirement if they testified falsely.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 6 June 1983 in Superior Court, PAMLICO County. Heard in the Court of Appeals 6 June 1984.

Defendant was indicted and convicted of two counts of assault with a firearm on a law enforcement officer. He was sentenced to consecutive prison terms of two years, suspended for all but six months, and ordered to pay a $25,000 fine.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Henry T. Rosser, for the State.*

*Beaman, Kellum & Stallings, P.A., by Norman B. Kellum, Jr. and J. Randal Hunter, for defendant appellant.*

HILL, Judge.

On 23 October 1982, while patrolling in their marked vehicle for violators of hunting laws, two uniformed wildlife enforcement officers encountered defendant's truck in the roadway blocking their path. Defendant emerged from the truck brandishing a high-powered rifle, cursing, and threatening to kill the two officers. The officers identified themselves and their purpose but defendant continued his curses and threats. After about a fifteen minute standoff, defendant allowed the officers to pass. At no time did the officers attempt to draw their guns.

Defendant testified that he did not recognize the two men as being wildlife enforcement officers and that he had withdrawn his gun to shoot deer eating his crops. He denied cursing and threatening the officers and blocking their path.

Defendant brings forth two assignments of error. He first contends the court erred in allowing the prosecutor to cross-examine the defendant regarding details of the defendant's prior conviction of assault on a wildlife officer. For his second assignment of error he argues the court erred in allowing the prosecutor to enhance the credibility of the State's witness in his closing argument by implying the consequences of their failure to tell the truth and by stating his opinion as to their veracity. The two assignments overlap to some extent in our judgment and are addressed together.

It is well settled that when a defendant in a criminal action testifies in his own behalf, he is subject to good faith cross-examination regarding specific acts of misconduct which tend to impeach his character. *State v. Galloway,* 304 N.C. 485, 284 S.E. 2d 509 (1981); *State v. Mack,* 282 N.C. 334, 193 S.E. 2d 71 (1972).

Defendant freely admitted that he pleaded guilty to assault in 1976 (the defendant had actually pled no contest to misdemeanor assault). The details of that prior conviction, which follow, and which the prosecutor placed before the jury, serve no rele-

vant purpose when compared with their prejudicial impact on the jury:

PROSECUTOR'S QUESTION: And you beat him *so badly* that he *suffered permanent brain damage,* didn't he? (Emphasis added)

MR. KELLUM: Your honor, he is not a physician. There is no way he could know.

COURT: Overruled.

MR. MCFADYEN: If you know.

ANSWER: Really, I don't know.

QUESTION: Well, you know that that beating caused him to have to retire from his job, don't you?

MR. KELLUM: Objection.

COURT: Sustained.

ANSWER: I didn't know it.

MR. MCFADYEN: You know that he had to have medical treatment, don't you?

MR. KELLUM: Objection.

COURT: Overruled.

ANSWER: Say that again.

MR. MCFADYEN: You know that Mr. Wheless, as a result of the occurrence when you assaulted him, he had to receive medical treatment, didn't he?

ANSWER: As far as me knowing, I didn't know it. I heard he did.

QUESTION: Well now, you paid him $45,000.00 —

MR. KELLUM: Objection.

QUESTION: —to settle that assault case, in addition to pleading guilty to assault, didn't you?

MR. KELLUM: Objection.

When the jury left the courtroom defense counsel made the court fully aware of the basis of his objection. While vigorous cross-examination is to be encouraged, it must not be used as a vehicle to inflame the jury. The defendant had pled guilty to the prior offense for which he was charged. The other questions posed could serve no purpose in challenging his testimony and could result only in inflaming the minds of the jurors.

The following jury argument by the District Attorney, taken singly or in combination with the prior improper cross-examination, warrants a new trial:

MR. MCFADYEN: What interest do these men, those two men have in coming into court, and not telling the truth, in telling something that's not true? They have an interest of losing their jobs, fired, ruining their careers.

MR. KELLUM: Objection.

MR. MCFADYEN: Weigh those two things against each other.

COURT: Overruled, as to that.

MR. MCFADYEN: Weigh those facts against each other and form some opinion in your mind as to who has the most to lose by not telling the truth in this case. . . .

. . .

Now I want you to think about for a minute too, and I want you to get back to this point, about the fact that you're going to have to believe these men are just not telling us the truth, have got to believe and find that, to find that man not guilty, come in here and say, "We, the members of the jury, find these two men swore on the Bible, and testified and were not telling the truth. They weren't mistaken, they weren't confused, they just weren't telling the truth." And now I wonder how many of you think that two men that work for the State of North Carolina could be prosecuted for perjury, fired from their jobs, lose their retirement—

MR. KELLUM: Objection.

COURT: Overruled.

MR. MCFADYEN: I don't honestly think that twelve citizens in this county are going to believe that either of these two

men dislike Mr. Potter so much that they're going to come into court and risk their jobs and perhaps their families and everything they have just to convict that man.

G.S. 15A-1230(a) provides as follows: "During a closing argument to the jury an attorney may not become abusive, inject his personal experiences, express his personal belief as to the truth or falsity of the evidence or as to the guilt or innocence of the defendant, or make arguments on the basis of matters outside the record except for matters concerning which the court may take judicial notice."

The Code of Professional Responsibility, DR 7-106(C)(3) provides that a lawyer may not in his argument to the jury "[a]ssert his personal knowledge of the facts in issue, except when testifying as a witness." Additionally, DR 7-106(C)(4) provides a lawyer shall not "[a]ssert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated therein."

Justice Copeland, speaking for our Supreme Court in *State v. King*, 299 N.C. 707, 712-13, 264 S.E. 2d 40, 44 (1980), summarizes with clarity the responsibility of attorneys on closing arguments when he says:

> Our cases provide that argument of counsel must be left largely to the control and discretion of the trial judge and counsel must be allowed wide latitude in the argument of hotly contested cases. *State v. Monk*, 286 N.C. 509, 212 S.E. 2d 125 (1975); *State v. Seipel*, 252 N.C. 335, 113 S.E. 2d 432 (1960); *State v. Barefoot*, 241 N.C. 650, 86 S.E. 2d 424 (1955). Counsel for both sides are entitled to argue to the jury the law and the facts in evidence and all reasonable inferences to be drawn therefrom. *State v. Monk, supra; State v. Conner*, 244 N.C. 109, 92 S.E. 2d 668 (1956).

> On the other hand, we have held that counsel may not place before the jury incompetent and prejudicial matters and may not "travel outside the record" by injecting into his argument facts of his knowledge or other facts not included in the evidence. *State v. Westbrook*, 279 N.C. 18, 181 S.E. 2d

572 (1971), *death sentence vacated*, 408 U.S. 939, 92 S.Ct. 2873, 33 L.Ed. 2d 761 (1972). Upon objection, the trial judge has a duty to censor remarks not warranted by either the evidence or the law, or remarks calculated to mislead or prejudice the jury. *State v. Monk, supra* and cases cited therein. Ordinarily, the objection to such improper remarks must be made before verdict to give the trial judge the opportunity to take appropriate action, or else the objection is deemed waived and cannot be raised on appeal except in a death case where the remark was so prejudicial that no instruction from the trial judge could have removed its prejudicial effect from the jurors' minds. *State v. Alford*, 289 N.C. 372, 222 S.E. 2d 222, *death sentence vacated*, 429 U.S. 809, 97 S.Ct. 46, 50 L.Ed. 2d 69 (1976); *State v. Locklear*, 291 N.C. 598, 231 S.E. 2d 256 (1977); *State v. Coffey*, 289 N.C. 431, 222 S.E. 2d 217 (1976). However, if the impropriety is gross the trial judge should, even in the absence of objection, correct the abuse *ex mero motu. State v. Monk, supra; State v. Smith*, 240 N.C. 631, 83 S.E. 2d 656 (1954).

The gravamen of defendant's complaint is not that the prosecutor suggested that the two wildlife officers were more credible than defendant — an argument which may, indeed, have been provoked by defense counsel's attack on the credibility of the two officers — but, rather, that the prosecutor made arguments based on matters outside the record by suggesting that the officers could be prosecuted for perjury, fired from their jobs, and lose their retirement or pension. To the extent any juror was placed in the moral dilemma of either convicting the defendant or, in the alternative, causing the officers to suffer grievous penalties suggested by the prosecutor, the argument must be deemed improper. Further, parties should never be allowed to go outside the record in arguing the case, even under the guise of provocation.

For the above reasons, defendant is entitled to a

New trial.

Judges BECTON and BRASWELL concur.