NANCY R. PASOUR v. JOSEPH S. PIERCE, JR., ROBERT L. HEAVNER, JOHN E. JENKINS, JAMES I. COX, AND LARRY L. BRITTAIN, INDIVIDUALLY, AND D/B/A FIVE STAR DEVELOPERS; JOSEPH S. PIERCE, JR., ROBERT L. HEAVNER, JOHN E. JENKINS, JAMES I. COX, LARRY L. BRITTAIN, AND EDWARD E. STEBBINS, INDIVIDUALLY, AND D/B/A HOSPITAL PLAZA ASSOCIATES; PIERCE, HEAVNER & JENKINS BUILDERS, INC., AND THE CITY OF GASTONIA, NORTH CAROLINA

No. 8427SC1233

(Filed 20 August 1985)

1. **Negligence §§ 1.3, 47— issuance of building permit—no inference of safety of building**

   In an action arising from an injury suffered at a step-off outside the front doorway of defendants' building, the trial court did not err by refusing to allow defendants to argue that the issuance of a building permit by the City gave rise to an inference of safety of the building. Defendants did not introduce either the building code or the permit or offer the testimony of City inspectors or other officials; moreover, defendants sought to introduce not an inference from fact, but a new legal standard.

2. **Negligence § 48; Evidence § 48— architect qualified to testify concerning causation and safety conditions of a building**

   In an action arising from an injury suffered at a step-off outside the entranceway to defendants' building, plaintiff's expert witness was qualified to testify concerning causation and safety conditions of the building where she had been certified by the court as an expert in the field of architecture; her testimony as a whole demonstrated considerable breadth of education, experience, and knowledge; and her testimony was well within the bounds of her area of specialized knowledge.

**3. Negligence § 58— fall at step-off in entranceway—contributory negligence— properly submitted to jury**

In an action arising from plaintiff's fall at a step-off in the entranceway of defendants' building, the trial court properly refused defendants' motions for directed verdict and judgment n.o.v. based on plaintiff's contributory negligence where reasonable minds could differ on the facts of this case as to plaintiff's negligence.

**4. Negligence § 58.1— fall at entranceway of building—instructions on contributory negligence—no error**

In an action arising from plaintiff's fall in an entranceway to defendants' building, the trial court did not err in its instructions by refusing to include plaintiff's knowledge as a factor to consider for contributory negligence where such an instruction would be contrary to North Carolina law.

APPEAL by defendants from *Kirby, Judge.* Judgment entered 28 August 1984 in Superior Court, GASTON County. Heard in the Court of Appeals on 4 June 1985.

*Harris, Bumgardner & Carpenter by R. Dennis Lorance and Tim L. Harris; and Gray and Hodnett by James C. Gray for plaintiff appellee.*

*Stott, Hollowell, Palmer & Windham by Douglas P. Arthurs and Grady B. Stott for defendant appellants.*

COZORT, Judge.

Plaintiff brought this personal injury action against the designers and owners of an office building. Upon leaving the building, plaintiff suffered a broken ankle when her heel caught on a step-off at the front entranceway. Defendants denied negligence and alleged that the plaintiff had been contributorily negligent. After a jury trial, plaintiff was awarded $25,000. On appeal, defendants' assignments of error concern the trial court's refusal to allow argument regarding certain evidentiary inferences, the admissibility of certain expert opinion testimony, the trial court's denial of defendants' motions for directed verdict and judgment notwithstanding the verdict, and the trial court's instruction to the jury to apply an objective standard for contributory negligence. For reasons stated herein, we find no prejudicial error.

The building, known as Hospital Plaza Building, was designed by defendant Robert L. Heavner, a partner in defendant Hospital

Plaza Associates in 1974. Although Heavner had received no formal training as an architect or engineer, his drawings for the Plaza Building were submitted to the City of Gastonia, which subsequently issued a building permit to the partnership. The drawings indicated a step-off of approximately four inches, located outside the front doorway. After the building was constructed in accordance with the drawings, the City issued a certificate of occupancy to the partnership. Defendant Hospital Plaza Associates retained ownership of the building and rented out office space to various tenants, including Snelling and Snelling, an employment agency. As owner of the building, the partnership also remained responsible for maintaining the common areas, including the front entrance.

On 3 August 1978, plaintiff Nancy R. Pasour went into the Plaza Building for an interview at Snelling and Snelling. It is stipulated that 3 August was "a bright sunshiny day." Plaintiff entered the building at the main entrance. There were double glass doors at this entrance and a metal frame with a "kickplate" or rail approximately four inches wide at the bottom of the doors. The entrance was designed in such a way that the doors swung out at the level of the step-off over and into the sidewalk. Plaintiff stepped up to the level of the doors and entered the building, where she remained approximately one hour.

After her interview the plaintiff came down the inside stairway to exit by the same doorway she had entered. It was approximately ten feet from the stairs to the doorway. Plaintiff testified that as she approached the entrance, she was unable to see the step-off because of the kickplate. The edge of the step-off is not visible until a person, looking down, is roughly "one to one and a half steps away" from the door.

Plaintiff testified that she had no conscious memory of the step and was not thinking about it, and that she was looking out through the door for passersby instead of looking down. As the plaintiff stepped out the door, her heel caught on the step, causing her to fall and break her ankle. Plaintiff then filed this action to recover for her injury.

The six named individuals and their partnership, Hospital Plaza Associates, are the only remaining defendants in this action. Defendants Five Star Developers and Pierce, Heavner, and

Jenkins Builders, Inc., were granted a directed verdict at trial on 10 April 1984. The trial court had previously granted a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), in favor of the defendant City of Gastonia. The plaintiff's appeal from this ruling was later dismissed by this Court. A mistrial was declared as to remaining defendants after the jury was unable to reach a verdict.

This case was retried on 20 August 1984. The jury answered the issues in favor of plaintiff and awarded her damages of $25,000. Upon motion of defendants, the amount of expenses paid was set off and judgment was entered 28 August 1984 in the amount of $23,672.85. Defendants now appeal.

[1] Defendants' first assignment of error concerns the trial court's refusal to allow defendants to argue that the issuance of a building permit by the City gave rise to an inference of safety of the building. This argument is without merit, and further, it is unsupportable on the record before us.

Defendant Robert L. Heavner testified that upon submission of his plans to the City of Gastonia, a building permit was issued to defendants. Yet defendants have not corroborated this testimony by introducing either the Building Code or the permit into evidence or by offering the testimony of City inspectors or other officials.

Moreover, under our law it is the undoubted right of counsel to argue every phase of the case supported by the evidence and to deduce from the evidence offered all reasonable inferences therefrom. *Lamborn v. Hollingsworth*, 195 N.C. 350, 142 S.E. 19 (1928); *see also*, G.S. 84-14. Yet the trial court has the duty, upon objection, to censor remarks not warranted by either the evidence or the law, and the court's discretion will not be reviewed upon appeal unless grossly abused. *Id.; State v. Potter*, 69 N.C. App. 199, 316 S.E. 2d 359, *disc. rev. denied*, 312 N.C. 624, 323 S.E. 2d 925 (1984). Defendants seek to introduce not an inference from fact, but a new legal standard. Defendants are unable to support their view with any legal authority. To say that the mere issuance of a building permit for a structure not designed by an architect is evidence of the safety of the finished building is contrary to both sound judicial policy and to related existing authority.

While not directly contested here, a violation of the Building Code in North Carolina is negligence *per se. Lindstrom v. Chesnutt,* 15 N.C. App. 15, 189 S.E. 2d 749, *cert. denied,* 287 N.C. 757, 191 S.E. 2d 361 (1972). This Court has also held that the Legislature intended the Building Code Council to adopt a Code regulating *construction* of buildings, not the *buildings* themselves. *Carolinas-Virginias Assoc. v. Ingram, Comr. of Insurance,* 39 N.C. App. 688, 251 S.E. 2d 910, *disc. rev. denied,* 297 N.C. 299, 254 S.E. 2d 925 (1979). Therefore, even a permit which may have been issued in accordance with Building Code procedures is not necessarily evidence of the safety of a building. We reject defendants' contentions on this issue as contrary to the evidence presented and existing law.

[2] Defendants' second assignment of error concerns the admissibility of certain opinion testimony by plaintiff's expert witness, architect Mary Olive Johnson. In addition to testifying that in her opinion, the entranceway of the Hospital Plaza Building did not meet the safety standards in effect in 1978, Ms. Johnson was also of the opinion that defendants should have placed a warning sign near the entranceway, and further, that the failure to post such a warning could have caused plaintiff's injury. Defendants contend: (1) that the opinion testimony was beyond the area of the expert's specialized knowledge; and (2) that it was mere speculation regarding an ultimate issue of fact for which expert testimony was not required.

Because this action was commenced prior to 1 July 1984, the North Carolina rules governing the admission of evidence before the adoption of the North Carolina Evidence Code control. *See* Editor's Note, G.S. 8C-1. Under the law which existed at the time, the trial court was afforded a wide latitude of discretion when making a determination about the admissibility of expert testimony. A finding by the trial judge that the witness possesses the requisite skill would not be reversed on appeal unless there was no evidence to support it. *State v. Bullard,* 312 N.C. 129, 322 S.E. 2d 370 (1984). Basically, testimony in the form of an opinion was admissible if the expert witness's specialized knowledge would assist the trier of fact to understand the evidence or determine a fact in issue. *In re Grad v. Kaasa,* 68 N.C. App. 128, 314 S.E. 2d 755, *reversed on other grounds,* 312 N.C. 310, 321 S.E. 2d 888 (1984).

In the case *sub judice*, the court certified Ms. Johnson as an expert in the field of architecture. Her testimony as a whole demonstrated considerable breadth of education, experience, and knowledge. The trial court found her duly qualified to render the opinions she gave on the conditions of the building and on questions of causation. Our review of the record reveals that the expert's opinion testimony was well within the bounds of her area of specialized knowledge. Furthermore, since the admissibility of expert opinion testimony does not depend on whether it invades the province of the jury, but whether it will aid the jury's understanding of the issue, the defendants' contention that her testimony relates to an ultimate issue of fact is without merit. *See Alva v. Cloninger*, 51 N.C. App. 602, 277 S.E. 2d 535 (1981). Therefore, we hold the trial court properly admitted the opinion testimony of plaintiff's expert concerning causation and safety conditions of the building.

[3] Defendants next assign as error the trial court's refusal to grant defendants' motions for directed verdict at the close of plaintiff's evidence and for judgment notwithstanding the verdict. Under North Carolina law, the standards for granting each motion are the same. This Court must consider the evidence in the light most favorable to the nonmoving party. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974).

The proprietor of a place of business open to public patronage is obligated to keep the approaches and entrances to his establishment in a reasonably safe condition for the use of customers entering or leaving the premises and to give warning of hidden perils or unsafe conditions insofar as they are known or can be ascertained by reasonable inspection. *Hedgepeth v. Roses's Stores*, 40 N.C. App. 11, 251 S.E. 2d 894 (1979). A proprietor has no duty to warn invitees of an obvious condition or of a condition of which the plaintiff had equal or superior knowledge. *Wrenn v. Convalescent Home*, 270 N.C. 447, 154 S.E. 2d 483 (1967). Also, a premise's construction is not deemed negligent unless by its character, location, or surrounding conditions, a reasonably prudent person would not be likely to expect a step or see it. *Reese v. Piedmont, Inc.*, 240 N.C. 391, 82 S.E. 2d 365 (1954). Whether a plaintiff is contributorily negligent as a matter of law and before a motion for directed verdict may be granted, plaintiff's evidence must establish plaintiff's negligence so clearly that reasonable

minds may not differ or so clearly that no other reasonable inferences may be drawn therefrom. *Lenz v. Ridgewood Associates,* 55 N.C. App. 115, 284 S.E. 2d 702, *disc. review denied,* 305 N.C. 300, 290 S.E. 2d 702 (1981). The trial court, in considering reasonable inferences to be drawn from the surrounding conditions and the plaintiff's prior knowledge (or lack thereof), submitted the issues of defendants' negligence and plaintiff's contributory negligence to the jury. If different inferences may be drawn from the evidence on the issue of contributory negligence, some favorable to plaintiff and others to the defendants, it is a case for the jury to determine. *Prevette v. Hospital,* 37 N.C. App. 425, 246 S.E. 2d 91 (1978). The determination of contributory negligence cannot be predicted on the automatic application of *per se* rules which do not take into account the particular state of facts presented. *Smith v. Fiber Controls Corp.,* 300 N.C. 669, 268 S.E. 2d 504 (1980). Because on the facts of this case reasonable minds may differ as to the plaintiff's negligence, we hold the trial court properly denied defendants' motions.

**[4]** Defendants' remaining assignment of error concerns the trial court's instruction on contributory negligence. Defendants contend that in evaluating plaintiff's own negligence, her own subjective appreciation or knowledge of the danger should have been taken into account, and that the instruction given effectively precluded this consideration. We find no merit in this contention.

Defendants request for inclusion of plaintiff's own knowledge as a factor to consider for contributory negligence is contrary to North Carolina law.

> The existence of contributory negligence does not depend on plaintiff's *subjective* appreciation of dangers; rather, contributory negligence consists of conduct which fails to conform to an *objective* standard of behavior . . . the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury.

*Lenz v. Ridgewood Associates,* 55 N.C. App. at 122, 284 S.E. 2d at 707 (emphasis in original). The trial court may properly refuse a requested instruction which is not a correct statement of the law applicable to the evidence. *King v. Higgins,* 272 N.C. 267, 158 S.E. 2d 67 (1967). This assignment of error is therefore overruled.

For the foregoing reasons, we find no prejudicial error in the proceedings of the trial court below.

No error.

Judges WELLS and JOHNSON concur.